STATE v. ARIEL.

1. HOMICIDE—MALICE.—The trial judge, in a murder case, after stating to the jury some circumstances which would be evidence of malice, said, "Now, if there are no such external evidences, you will imply malice from the act itself." *Held,* that in this there was error, as the jury might have understood the charge to mean that, in the absence of the circumstances stated, they should imply malice.

2. IBID.—IBID.—And, moreover, malice is not to be implied from the mere act of killing, where all the circumstances of the homicide are proved, as in this case.

3. IBID.—CHARGING JURIES.—The judge having charged that a man wrong-fully assailed may strike, not only to save his own life, but, also, to save himself from some grievous bodily harm, the jury could not have been misled by his other limited statement, that a man so assailed may strike to save his life.

4. IBID.—IBID.—CASE CRITICISED.—In charging that one assailed may not take the life of his adversary, unless there is "no other way of saving him-

self," there was no error. This case distinguished from State v. Jones, 29 S. C., 236.

5. IBID.—SELF-DEFENCE.—In instructing the jury that they must be satisfied of the existence of the facts necessary to sustain a plea of self-defence before they could give the accused the benefit of such plea, the trial judge did not err, as his charge did not require the jury to be so satisfied beyond a reasonable doubt.

6. IBID.—IBID.—REASONABLE DOUBT—CASE CRITICISED.—The accused is not required to establish his plea of self-defence beyond a reasonable doubt. State v. Bodie, 33 S. C., 132, approved.

Before HUDSON, J., Pickens, March, 1892.

This was an indictment against George Ariel for the murder of Manse Birden on November 15, 1891.

*Messrs. J. P. Carey* and *H. O. Bowen*, for appellant.

*Mr. Ansel*, solicitor, contra.

January 5, 1893. The opinion of the court was delivered by

MR. CHIEF JUSTICE McIVER. The defendant, having been convicted of murder, brings this appeal upon the following grounds. "1st. Because his honor, the Circuit Judge, erred in charging the jury as follows: 'Now, if there are no such external evidences, you will imply malice from the act itself.' 2d. Because his honor erred in charging the jury that 'to make out a case of self-defence, it must appear that the accused was not in the wrong, but that he was wrongfully assailed, and that there is (was) no other way of saving himself, his life, other than by taking the life of his assailant.' 3d. Because his honor erred in charging the jury as follows: 'The defence set up here is that he shot in self-defence, and to make out that defence, that plea, he must show that he did not bring on the difficulty, but was unlawfully assailed, and was assailed in such a manner that he thought his life was in danger, or that he was in danger of great bodily harm, and you must be satisfied beyond a reasonable doubt that he so thought that he was about to be killed or grievously injured, before you can give him the benefit of that plea.' "

For a proper understanding of the first ground of appeal, it will be necessary to state substantially so much of the judge's charge as immediately precedes the sentence which is made the basis of that ground. The charge, as set out in the "Case," shows that the Circuit Judge, after explaining to the jury what would be express malice, and what would constitute evidence of such malice, as, for example, previous threats, previous preparations to take life, lying in wait, &c., proceeded to say that persons ordinarily do not proclaim their intentions to take human life, and, therefore, it is necessary to look into the circumstances attending the homicide, with a view to discover whether it was actuated by malice, and if the deed appeared to have been done with wantonness and cruelty; if, for example, one should discharge a deadly weapon into a crowd, or should take the life of a helpless child, those attendant circumstances would be evidence of malice. And then followed the sentence quoted as the basis of the first ground of appeal. It seems to us that there were two errors in the use of the language complained of: 1st. From the connection in which that language was used there was, to say the least of it, danger that the jury would conclude that, in the absence of the circumstances which had just been mentioned as evidences of malice, they not only might, but should, imply malice from the act itself, for the language used was, not that they might, but "you *will* imply malice from the act itself," if there are no *such* external evidences. And, inasmuch as the testimony set out in the "Case" did not show any of the circumstances which had been used as illustrations of what would constitute malice, the jury might very naturally have inferred that, in the absence of *such* external evidences, to which their attention had been directed, it was their duty to imply malice simply from the act of killing.

2d. Again there was error in applying the presumption of malice, from the mere fact of the homicide, to a case like this, where the circumstances attending the homicide were testified to not only by the accused, but by a disinterested third person, who was an eye-witness; for, as was said by Willard, J., in *State* v. *Coleman*, 6 S. C., 186, "this

presumption is not applicable where the facts and circumstances attending the homicide are disclosed in evidence;" or, as was said by McGowan, J., in *State* v. *Hopkins*, 15 S. C., 156: "There is no doubt whatever of the isolated proposition that the law presumes malice from the mere fact of homicide, but there are cases, as made by the proof, to which the rule is inapplicable. When all the circumstances of the case are fully proved, there is no room for presumption. The question becomes one of fact for the jury, under the general principle that he who affirms must prove, and that every man is presumed innocent until the contrary appears."

As to the second ground of appeal, it is argued that there are three errors in that portion of the charge which is made the basis of this ground: 1st. In limiting the right of self-defence to the right of striking in defence of *one's life*. 2d. In saying that one wrongfully assailed has no right to take the life of his assailant unless there is *no other way* of saving his own life. 3d. In saying that the jury must be *satisfied* that the necessity existed before they can give the defendant the benefit of a plea of self-defence. The first error imputed to the Circuit Judge in this ground of appeal lies in the omission to say that one wrongfully assailed may strike not only to save his own life but also to save himself from some grievous bodily harm, but as that was said in other portions of the same sentence quoted from, we do not think such an omission in this isolated quotation would be fatal. The second error consists in saying that one thus assailed may not take the life of his adversary unless there is "no other way of saving himself," which, it is argued, is the same as saying there was no other *possible* way of saving himself—an instruction disapproved in *State* v. *Jones*, 29 S. C., 236. But we do not see any warrant for thus interpolating in the charge the word "possible;" and, on the contrary, the words used by the judge would, as it seems to us, be more naturally construed as meaning no other reasonable or probable means of escaping the threatened danger. 3d. The only remaining error alleged to be contained in the quotation from the judge's charge, is not sustained by such quotation, as it stops short

of the language in which the alleged error is contained. But waiving this, and supplementing such quotation by the words in which it is claimed that the error lies, we do not think the charge of error well founded. When the jury were told that they must be satisfied of the existence of the facts necessary to sustain a plea of self-defence, before they could give the accused the benefit of such a plea, it does not by any means follow that they must be so satisfied *beyond a reasonable doubt*, as is argued by the counsel for appellant, for they might be so satisfied by the preponderance of the evidence, which, as we shall see, in considering the next ground, is all that is required.

The third ground of appeal is well taken, for it is clear that the Circuit Judge erred in instructing the jury that they must be satisfied *beyond a reasonable doubt* of the facts necessary to sustain a plea of self-defence, before they could give the defendant the benefit of such a plea. The true rule upon this subject is laid down in the case of *The State* v. *Bodie*, 33 S. C., 132, in the following language: "While the State in a criminal case is bound to prove every essential element of the charge made beyond a reasonable doubt, the same strictness of proof is not required of a defendant who sets up a special defence, for he is only required to prove such defence by a preponderance of evidence; but this, of course, is subject to the general rule that if, upon the whole testimony, both on the part of the State and the defendant, the jury entertain a reasonable doubt as to any material point in the case, the defendant is entitled to the benefit of such doubt."

The judgment of this court is, that the judgment of the Circuit Court be reversed, and that the case be remanded to that court for a new trial.