## 8914

### STATE v. RILEY.

#### (82 S. E. 621.)

CRIMINAL LAW. HOMICIDE. EVIDENCE. DYING DECLARATION. CHARGE.

1. A declaration and belief that a wound will eventually cause death does not show that deceased declarant had abandoned hope of recovery or believed death to be imminent, and does not justify the admission of the declaration in evidence against the person charged with the homicide.

2. There is no presumption of law that any witness will tell the truth, and a charge that such presumption exists is error.

FOOTNOTE.—Instruction that witness is presumed to speak the truth as invading province of jury, see *State* v. *Taylor,* 57 S. C. 483, 35 S. E. 729, 76 Am. St. Rep. 575, and note in 14 L. R. A. (N. S.) 947. As to mental and physical conditions necessary to admission of dying declara-. tions, see 56 L. R. A. 381; generally as their admissibility, see note in 56 L. R. A. 353, *et seq.*

3. A charge in a homicide case, that "the drift of the testimony for the defendant is that the killing was accidental—that her main defense is that the killing was an accident" is not prejudicial to the defendant charged with the homicide.

4. Ordinarily it is not permissible to instruct the jury that the testimony has a particular drift.

Before DEVORE, J., Greenwood, June, 1913.    Reversed.

The defendant, Lily Riley, was indicted for murder, and being convicted of manslaughter, and sentenced to imprisonment, appeals.

The facts are stated in the opinion.

The exceptions were as follows:

1. Because it was error to charge the jury as follows: "The drift of the testimony for the defendant is that the killing was accidental—that her main defense is that this killing was an accident," thereby expressing to the jury his opinion that the defendant's testimony only drifted towards proof of accidental killing, and that the main defense was that it was an accident, when as a matter of fact, the main defense was that defendant did not commit the deed she is charged to having committed.

2. Because it was error to charge the jury as follows: "The law presumes that a party who has given up all hope of this life will tell the truth, because he knows he is going to meet his God and if man will ever tell the truth, he will then," it being submitted that it is the duty of the jury, under the law of this State, to weigh the dying declaration of a deceased person, and determine whether such declarations are to be believed, without any presumption of law that he will tell the truth being taken into consideration.

3. Because it was error to admit the declarations of deceased, since it did not appear that they were made while declarant was *in extremis* and after every hope of life was gone, it being submitted that it is the impression of impend-

ing death and not the rapid succession of death in point of fact, which renders a declaration admissible, and the belief of the declarant that he might ultimately die as a result of his injury at a time unlimited and indefinite in the future is not sufficient to authorize the admission of his statements as a dying declaration.

4. Because it was error to charge that the said declarations of the deceased were made *in extremis,* under the impression of impending death and then charge the jury that they must weigh them just as they would other testimony in the case, it being submitted that such charge was calculated to mislead and did mislead the jury when they took into consideration these subsequent words of the charge: "They are admitted in evidence only when it has been shown that the party making the declaration has given up all hope of life," and then telling the jury that they have a right to differ with the Judge after hearing all the testimony, and disregard the declarations, such charge being tantamount to the expression of his opinion on the fact which he had submitted to them, and giving them the right to disregard the testimony.

5. It was error to charge the jury that it was in their power to bring in a verdict of guilty, with or without recommendation to mercy; a verdict of guilty of manslaughter; a verdict of not guilty. "Any of those would be proper," it being respectfully submitted that such charge was calculated to mislead the jury, in view of the other misleading portions of his Honor's charge, herein above excepted to.

6. Because it was error to admit the said declarations and then charge the jury that they are to weigh the questions as to whether they are properly admitted just as they weigh any other testimony, and that it is the duty of the Judge to be very cautious and careful with reference to letting in dying declarations as evidence and thereafter charge the jury that the showing made by the State comes

up to the law concerning the admission of such declarations, and then leaving the facts which he charges were properly proven by the State, to be decided by the jury.

7. Because there was a total failure of proof of the *corpus delicti* and a total failure of proof that the defendant killed the deceased.

8. Because it was error to overrule the defendant's motion made for a new trial made on the following grounds: "Because there was a total failure of proof of the *corpus delicti* and no testimony to support the verdict.

9. Because the verdict is unjust in that it is unsupported by the evidence and it was impossible for the jury, under his Honor's charge, to properly understand what their duty was as to the testimony and as to the charge.

*Mr. D. H. Magill,* for appellant, submits: *Charge as to drift of testimony was on facts; the burden being on State to show that the killing was not accidental:* 68 S. C. 304. *There is no presumption as to credibility of dying declarations:* Wharton Hom., sec. 774; 1 R. C. L. 547 and 548. *Declarations in absence of consciousness of approaching death inadmissible:* 1 R. C. L. 538, 539; 4 Enc. Ev. 930. *The Court should not charge as to the weight to be given dying declarations:* 85 S. C. 273. *Proof of corpus delicti:* 3 Enc. Ev. 660-662; Wharton Hom., sec. 641; 79 S. C. 272.

*Mr. Solicitor Cooper,* for respondent.

August 8, 1914.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The defendant is a young negro woman. She was convicted of manslaughter. The deceased was her husband. There was no eyewitness to the transaction. The act was done in their own house, in the night, with a pistol.

There are nine exceptions, altogether too many for so short a case.

There must be a new trial, for the second and third exceptions are well taken.

Considered inversely, the dying declaration was not competent; it did not sufficiently appear that death was imminent and that the declarant had abandoned all hope of recovery.

Mr. McDowell, who took the declaration, is a lawyer and magistrate; he warned the declarant "he must be certain he was going to die." The answer was, "Yes, I am going to die; I may get up for a few days, but this wound will kill me." At another time the witnesses testified that the declarant said: "Yes, I may get up for a few days, but this shot will *eventually* kill me." The witness further testified "he didn't say that he would die from his wound any time soon, nor did he state any time at which he believed he would die from it."

The rule is stated in the *State* v. *Quick,* 49 S. C. L. (15 Rich.) 349: "It must appear satisfactorily that death was imminent at the time, and that the declarant was so fully aware of this as to be without any hope of life."

The dying declaration being in, the Court instructed the jury that "the law presumed a party who has given up all hope of life will tell the truth."

There is no presumption that any witness will tell the truth. *State* v. *Mitchell,* 56 S. C. 524, 35 S. E. 210.

The declaration is only competent because he who makes it is then surrounded with the solemnities of an oath; the situation is like unto swearing a witness. It ought to be a solemn thing to uplift the hand and swear by Almighty God; it is a solemn thing to declare in the sight of certain death; a witness who thus declares has in legal contemplation been sworn and no more. "This condition of the person is considered as constituting as strong a guarantee

for the truth of the declaration as an oath is of ordinary testimony." *State* v. *Quick,* 49 S. C. L. (15 Rich.) 349.

The first exception cannot be sustained. Ordinarily, it would not be permissible to instruct a jury that the .testimony had a drift; but in this instance the *drift* indicated was away from *guilt.*

The other exceptions are without merit; let them all be reported.

The verdict is set aside and a new trial is ordered.