## 10385

### STATE v. GEORGE.

#### (102 S. E. 284.)

1. HOMICIDE—INSTRUCTION ON THE DUTY OF ONE ASSAULTED TO RETREAT
   INCORRECT.—In prosecution for homicide by defendant, who relied
   on self-defense, an instruction that where two men meet upon com-
   mon grounds, where each have equal. rights on the premises, it is the
   duty of one who is assaulted before he takes life to use all possible
   means to escape and to resort to all possible means of escape, unless
   he would thereby enhance his own danger, *held* erroneous, being too
   broad.

2. CRIMINAL LAW—PRESUMPTION THAT WITNESS TELLS TRUTH.—An instruction that there was no presumption that a witness tells the truth is erroneous, for witnesses *prima facie* are presumed to tell the truth.

3. CRIMINAL LAW—AN INSTRUCTION ON PRESUMPTION THAT WITNESSES TELL TRUTH NOT ONE ON THE FACTS.—While under the Constitution it is for the jury to determine the degree of credit that they will give to the testimony of witnesses, uninfluenced by any expression of the trial Judge, the jury cannot act capriciously, and should find their verdict in accordance with the law and evidence; therefore an instruction by the trial Judge as to the presumption that witnesses tell the truth, etc., is not objectionable as being on facts.

Before MAULDIN, J., Saluda, Spring term, 1919. Reversed.

John L. George was convicted of manslaughter, and he appeals.

*Mr. Claude N. Sapp,* for appellant, submits: *That it was error and misleading to the jury in the use of the word "possible" twice by the presiding Judge when instructing them as to the law of self-defense, it being submitted that the word "probable" or "reasonable" should have been used by the Court:* Century Dictionary and Encyclopedia, pp. 4991, 4638 and 4741; Webster's Unabridged Dictionary, pp. 1019, 1040 and 1093; Black's Law Dictionary, Third Revision, pp. 2638, 2728 and 2818; Words and Phrases, vol. VI, p. 5618, "possible distinguished;" 103 S. C. 316; 71 S. C. 136; 96 S. E. 543; 96 S. E., p. 222.

*Solicitor George Bell Timmerman,* for State, respondent, submits: *That when the charge is considered as a whole the idea was not conveyed to the jury that they were to take and consider the word "possible" in its strict technical sense, but rather in the sense of reasonable or probable, and, therefore, defendant was not prejudiced thereby, and no reversible error was committed:* 79 S. C. 128. *An apparent inadvertence in the charge of a Judge will not constitute a ground for reversal, especially if the trial Judge's attention was not called to it:* 79 S. C. 186; 80 S. C. 378.

February 23, 1920.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

On indictment for murder, defendant pleaded self-defense. He was convicted of manslaughter, and appealed on two grounds.

The Court charged the jury: "Where men meet upon common grounds, where one has as much right to be upon the premises as the other, and if one is assaulted, it is the duty of the one who is assaulted, before he takes life, to use all possible means of escape, or to avoid the necessity of taking human life and resort to all possible means of escape, unless by so doing he would enhance or increase his own danger."

In *State v. Turner,* 29 S. C. 34, 44, 6 S. E. 891, 13 Am. St. Rep. 706, this Court approved Greenleaf's definition of self-defense, in which it is said there must be "no other probable means of escape;" and in *State v. Jones,* 29 S. C. 201, 236, 7 S. E. 296, an instruction similar to that given in this case was disapproved; the Court saying the word "possible," was too strong.

In *State v. Ariel,* 38 S. C. 221, 16 S. E. 779, the Court sustained an instruction that there must be "no other way of saving himself," on the ground that it should be construed as meaning "no other possible way;" and in *State v. Foster,* 66 S. C. 469, 472, 45 S. E. 1, 2, it was held that a charge that "he must have no means of escape, * * * if he has any possible means of escape," would have been reversible error but for the fact that the error was cured in other parts of the charge, so that the jury was not misled.

But in *State v. Thomas,* 103 S. C. 316, 88 S. E. 20, the majority of the Court disapproved an instruction that defendant must have "no other means of escape." As there was other reversible error, the writer of this opinion concurred in the result only, being of the opinion that, under the authority of *State v. Ariel* and *State v. Foster,* the charge should

have been sustained as meaning "no other probable means of escape." The instruction here complained of was quite as misleading as that condemned in Jones' case, and less so than that held to be erroneous in Thomas' case; and there was nothing in the other parts of the charge to counteract its harmful effect.

The Court erred also in charging, "There is no presumption that a witness tells the truth." We think there is such a presumption, not a presumption of law, but merely a *prima facie* presumption of fact, the strength or weakness of which depends upon the circumstances—such, for example, as the character of the witness, his opportunity of knowing the facts, his interest in the event or the parties, his bias or prejudice for or against the parties, and other facts and circumstances well known to the profession which may, in the judgment of the triers of the facts, be deemed sufficient to strengthen, weaken, or entirely rebut the presumption. The weight of authority and reason sustains the view that, *prima facie,* witnesses are presumed to tell the truth. 3 Enc. of Ev. 755; 10 R. C. L. 883; 1 Jones on Ev., secs. 12, 13.

If there is no presumption that witnesses tell the truth, why examine them? The law presumes innocence rather than wrong; hence the presumption that one charged with crime or other wrong is innocent. A witness who wilfully testifies falsely is guilty of perjury. There is no logical reason why the presumption of his innocence of perjury should not be indulged, at least *prima facie,* in favor of the truth of his testimony.

Indeed, there is a presumption that people generally tell the truth, even when not under oath, and the social and business affairs of life are conducted in great part upon that presumption; for greater reasons, those who speak under the sanction of an oath are presumed to speak the truth. Of course, every one knows that a witness may be perfectly honest and intend to tell the truth, but may fail to do so, on

account of defective memory, imperfect observation, and other causes; also, that all witnesses are not honest, and that the testimony of some witnesses is colored by bias or prejudice.    But all that is implied in the word "presumption," and. the statement is generally so understood.

In *State v. Taylor,* 57 S. C. 483, 35 S. E. 729, 76 Am. St. Rep. 575, and *State v. Riley,* 98 S. C. 386, 82 S. E. 621, there are some expressions which sustain the view that there is no presumption that a witness tells the truth, or at least that the Court may not so instruct the jury.

But they were unnecessary to the decision, for in both those cases, as in this, the question arose on assignment of error in the charge as being upon the facts, and in both the opinion of the trial Judge as to the weight which the jury should give to the presumption was clearly inferable from the language used, which made the charge abnoxious to the constitutional inhibition against Judges charging upon the facts.    Besides, in neither case was the legal nature and effect of the presumption properly explained to the jury.

But if it is a charge on the facts to tell the jury that there is such a presumption it is equally so to tell them there is no such presumption, for the twofold reason that the latter statement is contrary to the general experience of mankind, upon which the contrary presumption is based, and because it suggests to the jury that they may discredit the testimony of the witnesses, without reason, or at least without sufficient reason.

Under the Constitution, it is for the jury to determine the degree of credit which they will give to the testimony of witnesses, uninfluenced by any expression or intimation of opinion on the part of the trial Judge.    But that does not mean that the jury will be allowed to act capriciously.    It is their duty to find their verdict in accordance with the law and evidence.    Therefore they are entitled to have the law

and rules of evidence declared and explained to them, in order that they may intelligently perform that duty; and since, as we have seen, there is a presumption that witnesses generally tell the truth, the jury and the litigants are entitled, in a proper case, to the benefit of the Court's instruction as to the legal nature and limitations of that presumption   And it is entirely practicable for the Court to give them such instructions, without expressing or intimating any opinion as to the weight or credit which they should give to the testimony, or any part of it, and when it is so done, there is no invasion of the province of the jury.

If we hold that such an instruction cannot be given for the reason stated, then, to be logical and consistent, we shall have to say, for the same reason, that the Court cannot tell the jury that a defendant charged with a crime is presumed to be innocent; that malice may be presumed from the intentional killing of another with a deadly weapon; that proof of certain facts raises a presumption of fraud or of negligence, and so on in many like cases.   So, too, if conflicting presumptions arise out of the evidence (as in *Chapman v. Cooper,* 5 Rich. 453) the Court would be powerless to explain their nature and comparative legal value, and the jury would be left to find its way in darkness, without chart or compass.   That view restricts too narrowly the power of the trial Judge.   The constitutional inhibition was not intended to be so far-reaching.

Judgment reversed.