## 10454

### STATE v. ABERCROMBIE.

#### (103 S. E. 524.)

1. HOMICIDE—INSTRUCTION AS TO SELF-DEFENSE ERRONEOUS.—Court erred in charging that defendant was not entitled to the plea of self-defense, "if there was any safe way" that he could avoid taking human life.

2. CRIMINAL LAW — ERROR IN CHARGE ON SELF-DEFENSE CURED BY ANOTHER CHARGE.—Error in charging that defendant was not entitled to the plea of self-defense, "if there was any safe way" that he could avoid taking human life, was cured by another charge that defendant had a right to act upon the appearance of danger, requested by defendant.

Before PEURIFOY, J., Greenville, August, 1919. Affirmed.

James Abercrombie indicted for murder and upon conviction, appeals.

*Messrs. Cothran, Dean & Cothran,* for appellant, cite: *As a general rule, to justify a homicide as in self-defense, defendant must have embraced all reasonable or probable means of escape or retreat within his power and consistent with his safety to avoid danger and avert the necessity of killing:* 21 Cyc. 820; 55 S. C. 36; 40 S. C. 331; 40 S. C. 349; 43 S. C. 205; 110 S. C. 286; 103 S. C. 316. *Charge of the Judge erred in depriving defendant of plea of self-defense if he had any safe way of escape:* 91 S. C. 236; 49 S. C. 286; 5 Cush. 295; 40 L. R. A. (Ohio) 710; 16 L. R. A. (N. S.) 260; 35 N. W. 405 (Neb.); 51 N. W. 835 (Neb.); 133 N. E. 681 (Ind.); 130 Fed. 279; 78 N. W. 857 (Ia.)

17—S. C. 114

*J. Robert Martin, Solicitor,* for respondent, cites: *Reasonable doubt:* 49 S. C. 297; 33 S. C. 135; 55 S. C. 33; 93 S. C. 514.. *Charge gave defendant advantage of any safe way of retreat instead of qualifying same as a reasonably safe way:* 55 S. C. 36; 85 S. C. 241; 40 S. C. 361; 43 S. C. 213; 71 S. C. 145.

June 28, 1920.                                             •

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The appellant in his argument thus states his case:

"The defendant was tried at Greenville, August term, 1919, upon an indictment charging him with the murder of his son, David Abercrombie, near Simpsonville, S. C., on August 10, 1919. He was convicted of murder, without recommendation to mercy, and sentenced to death. The circumstances of the homicide appear from the testimony set out in the case. As the appeal turns entirely upon two questions of law the testimony is of little value except to put the Court fairly in possession of the general nature of the homicide.

"Briefly, the facts are these: The deceased was a natural son of the defendant about 16 years old. When he was 8 years old the defendant took the boy away from his mother and kept him at his home until the homicide. The day before the homicide the boy had run off and the defendant went after and brought him home, giving him a threshing. That night the boy stole away from home, carrying with him a shotgun and other things. The defendant ascertained during the night that the boy had gone and went in pursuit of him, as he claims, to recover his gun. He carried his pistol with him. The defendant, supposing that the boy had gone to his mother's, several miles away, went directly

there and waited under a tree in the yard until the boy came up. He claims that when he demanded his gun the boy attempted to shoot him and he shot in self-defense."

The first exception is:

"(1) His Honor, the presiding Judge, erred in charging the jury that a reasonable doubt is a doubt for which the jury can give a reason.

"Specifications: A fair and reasonable man, after careful investigation of an important subject, may entertain a doubt which prevents him from arriving at a restful conclusion, without being able to assign a reason therefor; a reasonable doubt is a state of the mind, a fact which may exist independently of one's ability to explain it, and, if it should exist, the defendant is entitled to the benefit of it, irrespective of the question of the juror's ability to analyze and account for that mental attitude."

This exception cannot be sustained. A careful reading of the exception itself clearly shows that his Honor charged the jury that the defendant was entitled to the benefit of a doubt, if it existed, whether they could give a reason for it or not.

The second exception is: "(2) His Honor, the presiding Judge, erred in charging the jury that the defendant was not entitled to the plea of self-defense, 'if there was any safe way that he can avoid taking human life;' 'he must avoid taking life if there is any safe way;' 'it is for you to say under all the facts and circumstances whether or not there was any safe way of escape.'

"Specifications: The defendant is entitled to such plea where there is no other reasonable, safe, adequate means of escape from the necessity of taking life—not any way of escape."

His Honor did charge as stated in this exception, and it was error. His Honor charged the jury:

"Even if a person is without fault in bringing on the difficulty, and he believes it is necessary to kill in order to save himself, and a man of ordinary courage and reason would have believed the same thing, placed as he was placed, if there was a reasonable safe way for him to avoid taking human life, he must avail himself of that way."

This holding is not in conflict with the *State v. Ariel,* 38 S. C. 221, 16 S. E. 779.

At the conclusion of the charge his Honor asked if any further charge was desired, and the record shows:

"Mr. Dean: In charging the law of self-defense your Honor very properly told the jury that that right was based upon necessity. Now will your Honor in that connection also instruct the jury that he may act upon the apparent necessity? Your Honor didn't cover that.

"The Court: Mr. Foreman and gentlemen, I charge you that a person has the right to act upon appearances, and if from those appearances a man honestly believes that he is in danger of suffering death or serious bodily harm, he has a right to act; he is not required to wait to find out whether the appearances are real or imaginary; but the appearances must be such, Mr. Foreman and gentlemen, that a man of ordinary reason and courage would have believed himself in danger under the circumstances. As I stated, a man has the right to act upon the appearance of danger, provided a man of ordinary reason and courage would have believed himself in danger under those appearances."

This cured the defect in the charge. The last statement clearly gave the defendant the right to rely on appearances. This exception cannot be sustained.

The judgment is affirmed, and the case is remanded to the Circuit Court for the purpose of having another day assigned in order to carry into effect the sentence of the Court.

Mr. Chief Justice Gary and Mr. Justice Gage concur.

MR. JUSTICE WATTS. I dissent. Think exceptions should be sustained and new trial granted.

MR. JUSTICE HYDRICK. I concur in the result, because I do not assent to the view that there was any error in the charge. In *State v. Ariel,* 38 S. C. 221, 16 S. E. 779, the charge complained of was that one assaulted could not take the life of his assailant, unless there was "no other way of saving himself." The charge was sustained. Appellant contended that the words meant "no other possible way," but the Court said it would be more reasonable to construe them to mean "no other reasonable way." The charge here complained of was much more favorable to defendant, the words used being "if there was any safe way;" that was really more favorable to defendant than if it had been, as he contends it should have been, "if there was any reasonable safe way." The verdicts of sensible juries are not influenced by such verbal niceties.