10615

STATE v. SHULER.

(107 S. E. 147)

1. CRIMINAL LAW—IRRELEVANT TESTIMONY HARMLESS IN ABSENCE OF A SHOWING OF PREJUDICE.—The admisson of testimony that defendant's mother had killed his father held harmless in absence of a showing of prejudice.

2. HOMICIDE—REFUSAL OF INSTRUCTION AS TO LAW OF SELF-DEFENSE WHILE ON OWN GROUND HELD NOT ERROR.—In a homicide prosecution, where the evidence showed that defendant had struck the deceased's wife before deceased had attacked defendant, refusal of instruction as to the right of a person while standing on his own ground to meet his assailant, even to the taking of his life, *held* not error.

3. HOMICIDE—INSTRUCTION ON SELF-DEFENSE HELD NOT ERRONEOUS.— In a homicide prosecution in which the defendant claimed to have acted in self-defense, instruction, "If you can get away without danger of losing your life or suffering serious bodily harm, you must do it, and you have to prove every one of these defenses, or elements of self-defense, by the preponderance of the evidence," *held* not erroneous.

4.   HOMICIDE—SELF-DEFENSE NOT AVAILABLE TO A DEFENDANT WHO
     WAS NOT ATTACKED BY DECEASED UNTIL AFTER DEFENDANT HAD
     ATTACKED DECEASED'S WIFE.—Self-defense held not available to
     defendant, who inflicted a severe battery on deceased's wife merely
     on account of words she had spoken before deceased had attacked
     him, since in such case he could not plead self-defense against the
     wife nor against her husband, who had the right to protect her.

Before BOWMAN, J., Orangeburg, May term, 1919.
Appeal dismissed.

Ed. Shuler and Thomas M. Shuler indicted for the mur-
der of George Shuler.   Ed. Shuler was convicted of man-
slaughter and appeals.   Thomas M. Shuler was acquitted.

*Mr. Adam H. Moss,* for appellant, cites: *Court should
charge the law under all testimony adduced, leaving it to
the jury to say what testimony they would believe or
not*: 56 S. C. 135.   *Court erred in charge on self-defense*:
103 S. C. 316; 113 S. C. 154; 114 S. C. 241; 103 S. E.
524.

*A. J. Hydrick, Solicitor, and Thos. M. Raysor for re-
spondent.*   Oral argument.

April 28, 1921.

The opinion of the Court was delivered by MR. CHIEF
JUSTICE GARY.

The defendant Ed. Shuler and his brother, Thomas M.
Shuler, were tried for the murder of George Shuler, a col-
ored man.   Thomas M. Shuler was acquitted, but the ap-
pellant was convicted of manslaughter, and was sentenced
to the penitentiary for the term of six years.

"Carrie Shuler testified that she and her husband lived
on J. D. Shuler's place just across the road from the
defendants, a public road separating their yards; that on
the 10th day of June, 1918, Ed. Shuler came to her house
just after breakfast and called for her husband; that she
went to the door, and he said to her: 'Aunt Carrie, is Rev

here?' (Rev was her husband); that, upon being asked what he wanted, Ed. replied: 'Nothing,' and left; that her husband was over on Mr. Willie Evans' place, and did not get back to his home until about 10 o'clock that day, at which time the defendants were in their oats patch, which, as she guessed, was about 100 or so yards away; that her husband immediately upon getting home hitched up his horse and went to ploughing right by the house; within a short while both Ed. and Tom Shuler came up and immediately started to cursing and abusing and threatening her and George, her husband; that these boys were so profuse in their abuse and profanity and so violent in their threats to kill her husband that he remonstrated with them as earnestly and in as friendly manner as he could, and, seeing that he could not quiet the boys, threatened to go for the magistrate to restore peace and quiet, but was afraid to leave the yard because of the threats of the boys to kill him; that she then attempted to go for the magistrate, and when she got in the public road Ed. jerked a slat from the paling around his front yard and started to beat her; that Ed. had his gun in his hand while beating her with the slat; that he inflicted a number of painful wounds upon her head, arms, and body, Tom in the meantime standing by inciting and protecting Ed. with a knife which he at one time attempted to draw from his pocket; that while Ed. was beating her, without any provocation whatsoever, he fired two charges of shot into her husband, who was standing in his own yard about 30 feet from the road with nothing in his hands or upon his person with which he could have possibly harmed either of these boys; that when Ed. fired the fatal shots he was standing in the edge of the road next to her husband's yard; and that immediately after firing these shots one of the boys went in the house and the other went in the field just as if they had shot a bird."

"The testimony of Tom and Ed. Shuler was that Ed. Shuler did not go to the house of old George right after breakfast on the morning of the shooting; that he had had no words with old Carrie on that day until just a short while before the shooting; that Ed. was in his mother's oats patch about 200 yards from the house, cutting oats, and that Wesley, the son of the deceased, and others, were helping him; that the twine gave out, and Ed. had to go to the house for it (the defendants lived together with their mother), for the twine; that, when he got out into the public road from the oats field where he had been working, he overtook his brother Tom, who was also going to the house, and while they were going along the road to the house together old George, who was ploughing near by in his cotton patch, told Ed. to stop, that he had to talk to him that morning; that Ed. realized the old man was angry and paid no attention to him; that old George then called his son Wesley from the binder and told him to come there and take the horse so he could show this young lad something; that the defendants went on to the house and when they got there old George was in his yard, and Wesley had also gotten to Georges' yard by this time, that before either of the defendants had said a word to any of them old Carrie came out and said she was going for Mrs. Shuler to have peace and quiet; that old George said he was going for Mr. Ballard, and Carrie said it was no use to worry with Mr. Ballard; that defendants were poor buckras anyhow, and her language just here was most obscene; that Ed. ran to the yard fence and jerked off a slat, struck her with it one time; he would have hit her again doubtless, but his brother Tom took the slat away from him; that old Carrie closed in on Ed. while Ed. was in the edge of his yard near the road, and they were tussling; that old George and Wesley started toward them, George with a hoe; that Ed. in the tussle backed until he got to a tree by the side of which his gun was leaning (he

had had the gun out that morning and had not carried it in the house) ; that Ed. grabbed his gun with old Carrie still holding on to him and warned old George, who was still coming on him with the hoe, not to come any closer; that old George got in the edge of the road near his yard coming on Ed. with the hoe, and Ed. shot him in the arm and told him not to come any closer; that George continued to come on him and got about the middle of the road, when Ed. fired the second shot; then George turned and in stooping position ran into his yard about 25 or 30 feet and fell, dropping the hoe as he went off; that Ed. fired both shots; he was in his own yard with the old woman holding on to him and old George and his son Wesley coming on him, George with the hoe in his hand."

(We have reproduced the testimony as it appears in the agreed statement in the record.)

The defendant Ed. Shuler appealed upon the following exceptions :

(1) "His Honor erred in permitting the widow of the deceased, testifying for the State, to state over repeated objections of defendant's attorney that the mother of the defendant had killed his, the defendant's father, such testimony being irrelevant and inadmissible and prejudicial to to defendant."

(2) "His Honor erred in permitting the attorneys for the State to prove that the defendant's mother had killed his father, after the Court had ruled that such testimony was irrelevant and over the repeated objections of the defendant's attorney, such testimony being irrelevant and inadmissible, the manner of its introduction improper, all prejudicial to the defendant."

(3) "His Honor erred in not instructing the jury as to the law under all of the testimony adduced in the case, in that he failed and omitted to instruct the jury as to the law of the castle when the testimony showed that the de-

fendant was standing in his own yard when he fired the fatal shot, thereby depriving the defendant, in the minds of the jury, of his right when assaulted in his dwelling house yard to stand on his own ground and meet his assailant, even to the taking of his life."

(4) "His Honor erred in charging the jury as follows: 'If you can get away without danger of losing your life or suffering serious bodily harm, you must do it, and you have to prove every one of these defenses, or elements of self-defense, by the preponderance of the evidence'—the error being: (1) The law requires a defendant who sets up the plea of self-defense to show only that he had no probable means of escape; (2) unless the evidence showed that the defendant could not possibly get away, the jury, acting upon the law as charged, was bound to convict, although it might have showed that there were no means of escape apparent to him or to a man of ordinary courage and firmness; (3) it impressed the jury with the idea that any way of escape, whether apparent to a man of ordinary prudence and firmness or not, would destroy the defense, and there was nothing in the other parts of the charge to counteract its harmful effect."

The first Exception cannot be sustained, for the reason that the appellant has failed to show prejudicial error.

For a like reason, the second Exception is overruled.

It is only necessary to cite the case of *State v. Adams,* 68 S. C. 421, 47 S. E. 676, to show that the third Exception cannot be sustained.

The main question in the case is presented by the fourth Exception, which will now be considered. The testimony is conflicting as to whether the deceased was on his own premises, or in the public road, at the time of the homicide, but the appellant's attorney states that the testimony shows that the appellant was standing in the public road at the time he fired the fatal shot.

There are several reasons why this Exception cannot be sustained. In the case of the *State v. Ariel*, 38 S. C. 221, 16 S. E. 779, error was assigned on the part of the Circuit Judge in charging that one assailed may not take the life of his adversary, unless there is "no other way of saving himself." It was contended that the words "no other way of saving himself" were the same as saying there was no other possible way of saving himself. This Court said:

"We do not see any warrant for thus interpolating in the charge the word 'possible;' and, on the contrary, the words used by the Judge would, as it seems to us, be more naturally construed as meaning no other reasonable or probable means of escaping the threatened danger."

In the case of *State v. Abercrombie*, 114 S. C. 241, 103 S. E. 524, the Circuit Judge charged that the defendant was not entitled to the plea of self-defense "if there was any safe way that he could avoid taking human life if there was any safe way." In that case, as in this case, the Circuit Judge also charged that a man has the right to act upon the appearance of danger, provided a man of ordinary courage would have believed himself in danger under those appearances. It was held by this Court that the charge was free from error.

There is another reason why the appellant is not entitled to the plea of self-defense. His own testimony shows that he inflicted a severe battery on the wife of the deceased with a paling on account of the mere words which she spoke. He could not plead self-defense against her, nor against ner husband, who had the right to protect her. *State v. Cook*, 78 S. C. 253, 59 S. E. 862, 15 L. R. A. (N. S.) 1013, 125 Am. St. Rep. 788, 13 Ann. Cas. 1051.

Appeal dismissed.