11605

STATE v. BALLENTINE

(125 S. E., 291)

1. HOMICIDE—INSTRUCTION ON LAW OF RETREAT HELD ERRONEOUS FOR OMISSION OF ELEMENT OF REASONABLENESS OF AVENUE OF ESCAPE.— Instruction requiring defendant who claimed to have acted in self-defense to show "that he was of necessity bound to strike the fatal blow in order to save himself. Could he get out of it? Did he know any way of getting out of it? Did he make an effort to get out of the way?" *held* erroneous for omission of element of reasonableness of the avenue of escape.

2. HOMICIDE—DEFENDANT HELD ENTITLED TO INSTRUCTION ON LAW OF RETREAT, REQUIRING AVENUE OF ESCAPE TO HAVE BEEN REASONABLE. —In homicide prosecution, defendant who claimed to have acted in self-defense was entitled to an instruction that he would have satisfied law of retreat by showing that there was no other reasonable, safe, and adequate means of escape from the necessity of taking the life of his assailant.

Before HENRY, J., Berkeley, March, 1924. Reversed and remanded.

---

NOTE: On the question of withdrawal from participation in homicide, which will relieve from criminality, see note in 4 L. R. A. (N. S.), 576.

On duty to retreat in homicide, see note in A. L. R., 1280.

Elvin Ballentine was convicted of manslaughter and appeals..

Messrs. Wolfe & Dennis, for appellant, cite: *Coercion of jury:* 16 R. C. L., 298-9; 121 S. C., 21; 120 S. C., 215; 106 S. C., 153.

Mr. A. J. Hydrick, Solicitor, for respondent.

November 11, 1924.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

The defendant and his son were tried before his Honor, Judge Henry, and a jury at the March term, 1924, of the Court of General Sessions for Berkeley County, charged with the murder of one O. H. Miller. The son was acquitted and the father was convicted of manslaughter, and sentenced to six year's imprisonment. He now appeals.

The appeal involves several questions, but it is not 1, 2 deemed necessary to consider any other exception than the one which assigns error in charging the law of retreat. The defendant set up the plea of self-defense, and in stating the elements necessary to sustain that plea his Honor charged the jury as follows:

"He must show that he was of necessity bound to strike the fatal blow in order to save himself. Could he get out of it? Did he know any way of getting out of it? Did he make an effort to get out of the way?"

The defendant was entitled to a statement of the law of retreat that he would fully have made out this element of his plea of self-defense by showing that there was no other reasonable, safe, and adequate means of escape from the necessity of taking the life of his assailant.

In the case of *State v. Abercrombie,* 114 S. C., 241; 103 S. E., 524, the charge was that the defendant was not entitled to the plea of self-defense:

" 'If there was any safe way that he could avoid taking human life'; 'he must avoid taking life if there is any safe

·way'; 'it is for you to say under all the facts and circumstances whether or not there was any safe way of escape.'"

The Court held that the charge was erroneous, presumably upon the ground that it omitted the element of reasonableness of the avenue of escape, as it appeared to a man of ordinary nerve, perception, and prudence.

In the case of *State v. Shuler,* 116 S. C., 152; 107 S. E., 147, there is an inadvertent error in the statement, referring to the Abercrombie Case, that "it was held by this Court that the charge was free from error." On the contrary, as the record discloses, it was distinctly held that the charge was erroneous, but that the error was cured by a later portion of the charge.

Judgment reversed and new trial ordered.

MESSRS. JUSTICES WATTS, FRASER and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.