15590

## THE STATE v. DAVE PEARSON

(27 S. E. (2d), 816)

*Messrs. C. T. Graydon* and *F. Ehrlich Thomson,* both of Columbia, S. C., Counsel for Appellant, ▮▮▮▮▮▮▮

*Solicitor W. G. Finley,* of York, S. C., for The State, Respondent.

November 29, 1943.

MR. ACTING ASSOCIATE JUSTICE W. H. GRIMBALL delivered the unanimous Opinion of the Court.

Appellant was tried before his Honor, Judge Gaston, and a jury at the June term, 1943, of the Court of General Sessions for Fairfield County, charged with assault and battery with intent to kill. He was convicted and sentenced to three years' imprisonment. He now appeals.

The appeal involves several questions, but it is not deemed necessary to consider any other exception than the one which assigns error in charging the law of retreat. The appellant set up the plea of self-defense, and in stating the elements necessary to sustain that plea his Honor charged the jury as follows:

"Then he must go further and show that there was no other way of escape, and that he had to strike to save himself; because the law of self-defense is based on necessity, and he must show that it was necessary for him to act as he did. The law says a person who claims that he was acting under necessity, he must retreat to avoid taking the life of another, in self-defense, unless there was no safe way of retreat open to him; otherwise he must retreat—otherwise he must retreat to save himself, he must retreat, unless the jury was satisfied there was no safe way of retreat open to him; or, if he had retreated, it would have increased his own danger, the necessity to save himself."

Appellant was entitled to a statement of the law of retreat that he would fully have made out this element of his plea of self-defense by showing that there was no other reasonable, safe and adequate means of escape from the necessity of striking the blow and inflicting the injury. *State v. Ballentine,* 130 S. C., 123, 125 S. E., 291.

Whether or not there was *a safe way* of escape is not the test laid down by the law. Such a test would omit the element of reasonableness of the avenue of escape as it might have appeared to a man of ordinary courage, firmness and judgment. *State v. Abercrombie,* 114 S. C., 241, 103 S. E., 524. *State v. Ballentine, supra.*

One acting under the natural excitement of such a moment is not required by law to judge as to whether there may be *any safe way of escape.* For such may exist without his knowledge.

The charge most often given by the circuit bench of this State is that of Judge Frank B. Gary in *State v. Hardin*, 114 S. C., 280, 103 S. E., 557:

"He must show you that he had no other probable means of escape except to take the life of his assailant."

This charge was declared by this Court to be clear, plain, lucid and free from error.

It necessarily follows that the sentence herein must be set aside and the appellant granted a new trial.

MR. CHIEF JUSTICE BAKER, MESSRS. ASSOCIATE JUSTICES FISHBURNE and STUKES and MR. ACTING ASSOCIATE JUSTICE L. D. LIDE concur.