EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MIGUEL ÁNGEL QUIÑONES TORRES, acusado y apelante.

*Número:* CR-66-383 *Resuelto:* 16 de enero de 1968

*Edna Abruña Rodríguez, E. Armstrong de Watlington* y *Enrique Miranda Merced,* abogados del apelante; *J. B. Fernández Badillo, Procurador General,* e *Ida Cardona Hernández, Procuradora General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR SANTANA BECERRA emitió la opinión del Tribunal.

El apelante fue convicto de asesinato en segundo grado, infracción al Art. 8 de la Ley de Armas (grave) e infracción al Art. 6 de dicha Ley (menos grave). En ambas acusaciones por los delitos graves se hizo alegación de delito subsiguiente según se expresa:

(1) El apelante fue sentenciado por asesinato en 2do. grado el 3 de mayo de 1948.

(2) Sentenciado por infracción a la Ley de Armas (grave) el 30 de enero de 1959.

(3) Sentenciado por ataque para cometer homicidio el 30 de enero de 1959.

(4) Sentenciado por infracción a la Ley de Armas (grave) el 30 de enero de 1959.

Al leerse las acusaciones y al comenzarse el juicio, el récord demuestra que el apelante negó dichas acusaciones.

Después de terminado el proceso y haber rendido el jurado sus veredictos en las acusaciones graves y haber declarado el tribunal convicto al apelante en el delito menos grave, la Sala se dirigió al abogado de la defensa y expresó que habiendo una alegación de subsiguiente, deseaba saber si el abogado aceptaba la misma. La defensa objetó por ser tardío, negó la alegación de subsiguiente y anunció que objetaría cualquier prueba que se presentara. En ese momento el fiscal anunció que se proponía presentar una moción sobre agravantes, bajo la teoría de que la alegación de subsiguiente nada tenía que ver con el veredicto y la prueba, sino solamente con la imposición de la sentencia.

Se observa cierta confusión en la primera instancia por la experiencia que dan los casos, en cuanto a la apropiada disposición de las alegaciones en grado subsiguiente. Recientemente, en *Pueblo* v. *Soto Ríos*, 95 D.P.R. 483 (1967), este Tribunal aclaró el trámite procesal requerido. Véanse las Reglas de Procedimiento Criminal, 48, 73, 68 y 146.[1]

Habiendo el apelante negado las acusaciones graves, la alegación de delito subsiguiente debió haber sido sostenida con prueba ante el jurado, y el jurado debía manifestarse en su veredicto sobre dicha alegación. Según lo anunció, el fiscal presentó antes de dictarse sentencia, mociones bajo la

---

[1] El procedimiento no es una innovación en las Reglas. Véanse los Arts. 233 y 285 del viejo Código de Enjuiciamiento Criminal.

Regla 171 de las de Procedimiento Criminal para establecer agravante. En la vista celebrada de dichas mociones el fiscal presentó un expediente de 5 páginas con todo el historial penal del apelante empezando en el año 1939, e incluyendo tanto los delitos graves anteriores alegados en la acusación como también otros delitos graves y menos graves. La Sala sentenció al apelante, en vista de toda la prueba, a penas de 22 a 30 años de presidio en la convicción de asesinato en 2do. grado, de 2 a 4 años de presidio en la convicción por la Ley de Armas (grave) y a un año de cárcel por la infracción a la Ley de Armas (menos grave). Dispuso que las tres sentencias se cumplirían consecutivamente.

La Regla 171 de las de Procedimiento Criminal de 1963 dispone que el tribunal, a propia instancia o a instancia del acusado o del fiscal, con notificación a las partes o a la parte contraria, podrá oir, en el más breve plazo posible, prueba de circunstancias atenuantes o agravantes a los fines de la imposición de la pena.

 Independientemente de cuál sea el contenido y el significado del concepto circunstancias atenuantes o agravantes en un determinado proceso, nos parece que este procedimiento no es una substitución indirecta para disponer de una alegación de delito subsiguiente, que de ser negada, ha debido ir a la consideración del jurado. El récord demuestra, no obstante, que en la vista sobre la moción bajo la Regla 171 presentada por el fiscal la defensa aceptó el pliego de delitos anteriormente cometidos. En vista de tal aceptación y del hecho de que el tribunal impuso un máximo de 30 años como si no existiera el subsiguiente, no hay razón para alterar las sentencias ni en sus mínimos ni en sus máximos.

 Señala el apelante como error que le fue perjudicial el que en las instrucciones al jurado el tribunal manifestara lo siguiente:

"Igualmente, todo acusado tiene derecho a declarar o no, según él lo crea conveniente."

Sostiene que el término "creer conveniente" tenía ahí el efecto de ser un comentario a su silencio ya que el jurado podía entender que al no declarar, era por razón de que no le hubiera sido conveniente en el proceso así hacerlo. "Conveniencia" se define como "utilidad, provecho." "Conveniente" es lo "útil, oportuno, provechoso." Conociendo la Sala el principio de ley aplicable, indudablemente usó el vocablo "conveniente" para significar el *deseo* o no del acusado de declarar en su proceso. Por producirse en tales casos la cuestión semántica en el área técnico-legal de unas instrucciones al jurado, los vocablos se convierten en palabras de arte y quizás sea preferible que sólo se instruya que el acusado no está obligado a declarar o le asiste el derecho a no declarar.

En el récord no se cometió error perjudicial ya que la Sala sentenciadora también instruyó al jurado lo siguiente:

"En este caso el acusado no declaró. El hecho de no haberlo hecho no ha de considerarse como circunstancia que le incrimine, pues el Fiscal está en la obligación de establecer su culpabilidad más allá de una duda razonable, prescindiendo de tal omisión."

*Se confirmarán las sentencias condenatorias apeladas.*

El Juez Asociado Señor Blanco Lugo concurre con el resultado.