Ellis Ernest MARSH, Appellant,
v.
UNITED STATES of America,
Appellee.
No. 22251.

United States Court of Appeals
Ninth Circuit.
July 22, 1968.

Howard R. Lonergan (argued), A. I. Bernstein, Portland, Or., for appellant.

William B. Borgeson, Asst. U. S. Atty., Sidney Lezak, U. S. Atty., Richard C. Helgeson, Asst. U. S. Atty., Portland, Or., for appellee.

Before KOELSCH and CARTER, Circuit Judges, and FOLEY, District Judge.*

PER CURIAM:

Appellant makes three assignments of error. We have examined each and find no basis for reversal.

Initially, appellant complains of certain comments made by the court in the presence of the jury. An accomplice of appellant in this case, who had been convicted in another criminal case in the District of Oregon and who was to be sentenced at a later date by the same district judge before whom this case was tried, testified as a witness for the government. It is clear from the record that on cross examination of the accomplice, defense counsel, by the form of his questions, conveyed to the jury the suggestion that the accomplice witness might be dealt with leniently by the court because he cooperated with the government and testified against appellant.

* Roger D. Foley, District of Nevada, sitting by designation.

The court commented as follows:

"I think we should clear up one matter. Certainly, nothing this man says at this trial is going to have the slightest bearing upon what sentence he may receive on any other offense; and I don't think that Mr. Niedermeyer intends to convey that impression, do you, sir?"

There followed this discussion between defense counsel and the court:

"MR. NIEDERMEYER: No, Your Honor, I do not. It is only the defendant's subjective belief that I am trying to convey to the Jury; that if the defendant believes this, that it would go to the weight of his testimony.

"THE COURT: All right, I just want the Jury to understand that.

"MR. NIEDERMEYER: I am not alleging that he has made any arrangement with the prosecutor or anything else, but what he believes is proper cross-examination as to the trustworthiness of his present testimony.

"THE COURT: All right."

The record is clear that defense counsel not only voiced no objection but actually expressed his agreement with the court's remarks. While defense counsel was entitled to ask the accomplice whether he expected leniency from the court, since the witness' state of mind bears upon his credibility, the Judge's remarks do not, as appellant now, for the first time, contends, make the court an unsworn witness for the prosecution bent upon rehabilitating an impeached witness for the prosecution. Under the circumstances, here, it was quite proper for the court to advise the jury that the accomplice would receive such sentence as the court, alone, determined suitable. This is what we think the court did. On oral argument before this court, appellant's counsel conceded that a proper instruction to the jury as to the court's comments on the evidence was given. We find no prejudicial error, here.

For his second point, appellant assigns as error that in his instruction on the credibility of witnesses, the Judge said:

"Every witness is *presumed* to speak the truth. This *presumption*, however, may be overcome by the manner in which he testifies, the character of his testimony, or by evidence affecting his character or motives, or contradictory evidence." (Emphasis added.)

Appellant made no objection to the instruction, as required by Rule 30, F.R. Cr.P., and we note that appellant took the stand and testified in his own behalf.

We adopt what another panel of this court recently said in the case of Smith v. United States, 390 F.2d 401, decided February 26, 1968:

"Attack is made on the instruction given that a witness is presumed to speak the truth. We are cognizant of United States v. Meisch, 370 F.2d 768 (3rd Cir. 1966) and United States v. Johnson, 371 F.2d 800 (3rd Cir. 1967) holding that the giving of such an instruction, where the defendant did not take the witness stand, was error.

"In the case at bar, although appellant did not take the witness stand, no objection was made to the instruction given. The challenged instruction has been used traditionally in this circuit. See Wong Kam Chong v. United States, 111 F.2d 707, 711 ([9 Cir.] 1940). United States v. Dried Fruit Ass'n. of Calif., 4 F.R.D. 1, 5 (D.C. 1944).

"We are of the opinion that before a panel of this court should consider the impact of the Third Circuit cases above cited, the point should be raised by proper objection in the court below and decided by the trial court. We do not reach it under the 'plain error' rule."

Finally, appellant cites as error the court's instruction to the jury defining the crime and the elements of the crime. The court gave substantially the identical instruction appellant proposed. Here, again, no objection was made as required

by Rule 30, F.R.Cr.P. Furthermore, we find that the instruction in question is a correct statement of the law. There is no error, here.

Affirmed.