THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* FRANCISCO MARTÍNEZ GUERRA, Defendant and Appellant.

No. CR-69-31.        Decided February 24, 1970.

---

670

*Enrique Miranda Merced* for appellant. *Gilberto Gierbolini, Solicitor General,* and *Peter Ortiz, Assistant Solicitor General,* for The People.

PER CURIAM: Appellant, Francisco Martínez Guerra, was convicted of two violations of the Narcotics Act, for possessing, transporting, and concealing the narcotic drug heroin. He assigns six errors to request the reversal of the sentences imposed on him.

(1) He assigns that the refusal to grant peremptory acquittal for the charge of transporting and concealing the drug constituted an error, since sufficient evidence was not introduced to support it. We do not agree. The evidence established that while the arrest of Pedro Juan Fuentes Ocasio

was taking place at a thoroughfare, appellant, who was two or three feet away, dropped a manila envelope which contained 25 envelopes of a substance which turned out to be heroin.[1] As we indicated in *People* v. *Milán Cardona*, Cr-66-388, judgment of May 31, 1967, in order for defendant to arrive at a thoroughfare having in his possession the drug, he must have transported and concealed it up to there. See *People* v. *Martínez Ríos*, 89 P.R.R. 355 (1963).

(2) He complains that it was intimated before the jury that defendant was connected with the drug business. He departs from a speculation. The agent had testified that he was engaged in the investigation of cases of violation of the Narcotics Act for 13 years. Previously, he had said that he knew defendant "beforehand." The trial judge did not allow him to explain the origin of his knowledge. The error was not committed, and in any event, the same fact arose from the testimony of the witness for the defense, Fuentes Ocasio.

(3) In his instructions the judge indicated to the jury, referring to Fuentes Ocasio's testimony, that one of the manners to impeach a witness is through evidence of conviction for a felony. Aside from the fact that it was the defense the one to establish that the witness was confined in prison for a violation of the Narcotics Act, any prejudice that could have been caused to appellant is dissipated in considering that the judge immediately stated, "Now, that does not mean that for the very fact that a person has been in prison, his testimony must be rejected on account thereof. It always remains to your consideration, as triers of the facts, to determine the degree of veracity which that witness may deserve, in your opinion, although he had been previously convicted of a felony." (Tr. Ev. pp. 122–123.)

---

[1] The defense introduced the testimony of Fuentes Ocasio to establish that it was he, and not appellant, who threw the envelope on the sidewalk. This version did not deserve credit to the jury.

■ (4) In *People* v. *Quiñones Torres*, 95 P.R.R. 646 (1968) we approved an instruction to the jury similar to the one which is challenged herein, to the effect that defendant is entitled to testify or not, even more when it is added that the fact of not testifying should not be considered as an incriminatory circumstance because the prosecuting attorney is under the obligation to establish his guilt beyond a reasonable doubt. It does not constitute a comment on defendant's silence. *Griffin* v. *California*, 380 U.S. 609 (1965), does not lead to a different result.

■ (5) It is assigned that an instruction to the effect that it is assumed that every witness speaks the truth is contrary to the presumption of innocence. The challenged instruction was not limited to what has been set forth; the trial judge correctly indicated that the presumption may be controverted or rejected by the manner of testifying, the nature of the testimony, or by other evidence which affects the veracity, honesty, and integrity, or the motives of the witness.[2] See § 21 of the Law of Evidence, 32 L.P.R.A. § 1664.

(6) The errors assigned not having been committed, it is not proper to refer to its cumulative effect to request the reversal.

The judgments rendered by the Superior Court, San Juan Part, on February 29, 1968, will be affirmed.

Mr. Chief Justice Negrón Fernández and Mr. Justice Hernández Matos did not participate herein.

---

[2] There is a marked tendency in the federal courts to abandon this instruction. See *United States* v. *Safley*, 408 F.2d 603 (4th Cir. 1969); *United States* v. *Boone*, 401 F.2d 659 (3d Cir. 1968); *Marsh* v. *United States*, 402 F.2d 457 (9th Cir. 1968), although it has not been considered that to transmit it to the jury is sufficient to produce the reversal.