## STATE v. TAYLOR.

1. EVIDENCE—OPINION.—A witness may give his opinion of the tone in which one speaks.

2. IBID.—REPUTATION of the house in which the prosecutrix for rape lives with others, is not competent.

3. IBID.—REPUTATION of prosecutrix for rape after crime, is not competent.

4. IBID.—OPINION—HARMLESS ERROR.—All circumstances, distance, &c., having been given to the jury, it is harmless error to refuse to permit witness to give his opinion as to whether prosecutrix could be heard call out from the road.

5. PRESUMPTION—WITNESS.—There is no legal presumption that what a witness says is the truth.

6. REASONABLE DOUBT—PREPONDERANCE OF EVIDENCE.—Where the defendant under charge of rape admits connection, but denies rape, he does not set up an affirmative defense, and the question of proving it by the preponderance of the evidence, and then giving defendant the benefit of a reasonable doubt on the whole case, does not arise.

Before BUCHANAN, J., Sumter, October, 1898. Reversed.

The State against George Preston Taylor, *alias* Tom Taylor. From verdict and sentence for rape, defendant appeals.

*Messrs. Purdy & Reynolds,* for appellant, cite: *As to evidence about reputation of prosecutrix's home:* 7 Hun., 17; 51

Cal., 371. *As to impeaching character of prosecutrix for chastity:* 17 Tex. App., 525; 73 Ia., 532; 1 Abb. App., 418; 3 C. & P., 562; 5 Cox C. C., 146; 19 Wend., 192. *As to opinion evidence:* 19 S. C., 525, 66; 117 Mass., 122. *Force of witnesses' statements is alone for jury:* 92 Ala., 69; 13 Ind., 70; 20 N. Y. Supp., 108; 5 Wend., 126; 89 Cal., 167. *As to reasonable doubt on whole case:* 33 S. C., 126; 40 S. C., 351; 39 S. C., 103. *Ambiguous charge is error:* 2 Col., 13; 79 Penn. St., 311, 391; 50 Ind., 42; 4 Mo., 279; 30 Ohio St., 222; 65 Me., 143; 31 Mo., 128; 7 W. Va., 723; 8 W. Va., 323; 15 Gratt., 231; 31 Me., 528; 30 Me., 173; 36 S. C., 59; 1 Dana, 481; 2 Bibb, 89; 1 Wall., 637; 1 Pick., 206.

*Solicitor Wilson,* contra.

April 19, 1900. The opinion of the Court was delivered by

Mr. Justice Jones. The defendant was convicted and sentenced under an indictment for rape, and appealed to this Court. At the preceding term this Court passed an order suspending the appeal to enable appellant to move before the Circuit Court for a new trial upon the ground of after-discovered evidence. Such motion was made before Hon. W. C. Benet, presiding Judge, and was refused by him, and appellant has appealed also from said order of refusal. Both appeals were heard together. We will consider first the appeal from the judgment. The exceptions relate to the rulings of the Court as to the admissibility of testimony and to the charge to the jury.

I. It was not error to permit the State's witness, Myers, to testify as to the tone of voice in which the prosecutrix called out when the prosecutrix and defendant were overtaken in the road, the witness stating that she was "hallooing like she was in distress," "it seemed very distressful to me." This kind of testimony falls under the exceptions to the rule excluding the mere opinion of a non-expert witness. While the testimony involved to some extent the opinion of the witness, it was the result of

his observation of a condition of things which he could not otherwise reproduce to the jury, unless he had perfect faculties for imitation of the voice of another, a feat far beyond most witnesses. *State* v. *James*, 31 S. C., 233.

2. The second exception complains of error in permitting the solicitor to put leading questions to the witness, Nelson. This exception was not argued, although it was not abandoned. It is sufficient to say that it is not well taken. Even if the question objected to was leading, it was neither repeated nor answered after the objection was overruled.

3. There was no error in excluding the testimony of defendant's witness, Dr. Anderson, as to the reputation of the house in which the presecutrix lived prior to the alleged rape. The prosecutrix was between fifteen and sixteen years old at the time of the alleged rape, and lived in the house with her grand-mother, mother, and sisters and brother. While the reputation for chastity of the prosecutrix was a legitimate subject of inquiry, as bearing on the issue whether she consented to the act, it is too far removed to extend the inquiry to the reputation of the house in which she lived with others. The evidence as to reputation must be confined to what is said of her.

4. The Circuit Court correctly excluded the testimony of W. J. Reese as to the reputation for chastity of the prosecutrix, which he heard discussed after the occurrence under investigation. It is not only well settled, but fair, that such inquiry must relate to the reputation or character acquired prior to the alleged crime, for the after reputation may have resulted from the claim of defendant and his friends that she consented to his act.

5. The fifth exception alleges error in excluding the testimony of W. J. Reese as to whether a person passing along the road near the spot where the rape was alleged to have occurred could have heard a cry of distress from the prosecutrix. All of the circumstances having been given to the jury, the distance of the road from the spot, the nature of the time, whether stormy or not, &c., the

jury were as competent as the witness to draw a conclusion whether a cry of distress from one like the prosecutrix could have been heard by a person of ordinary faculties. Besides, the appellant secured all he sought for when he was permitted to ask, "Is that road in easy call from that field?" To which the witness answered: "Yes, sir, the road runs right by the field." Appellant was in no wise prejudiced by the rulings, even if the testimony should, as contended for, be classed among the exceptions to the rule excluding mere opinion of a witness.

The remaining exceptions relate to the charge to the jury as follows: (A) "Now, Mr. Foreman, when you come to the consideration of the evidence, what does that mean? What is the best legal yardstick to measure that evidence by? There is a presumption that attends every witness that goes upon the stand. Every witness that goes upon the stand is clothed with the presumption that he is telling the truth; not that every witness tells the truth, but he is clothed with that presumption; it is not infrequent that two witnesses go upon the stand and testify to two state of facts; it does not always mean that either is telling what is not so, but one may be more nervous than the other, and cannot tell his story in that straightforward way, although he is honest in what he says. It does not mean that it is always a falsehood where they do not agree; but where they disagree on the main salient features of a case on facts that everybody would have noticed if they were there. If you cannot reconcile their statements, it is for you to say who is telling the truth and who is not telling the truth; where they do not agree on the salient features of a case and their statements cannot be reconciled on the common ground of the common honesty of the witnesses. If you cannot reconcile their statements, you may say, I believe the statements of this or that witness, because you are the sole judges of the facts. I have nothing to do with the facts of the case, you are the sole judges of the facts in a case. Mr. Foreman, the law presumes that everybody is honest, not that everybody is dishonest; and when a witness takes that

stand, he is clothed with the presumption, and until the contrary appears, he is still clothed with that presumption. (B) Just like a man is presumed to be innocent until the State proves that he is guilty beyond a reasonable doubt. It does not mean that you must believe everything that a witness says, not at all—not any more than you are to consider that a prisoner is innocent, but he is presumed to be innocent until the State shows that he is guilty beyond a reasonable doubt. When that is done, the presumption is taken away and the defendant stands naked. (C) Those are presumptions, Mr. Foreman, there is no appeal from a question of fact. It is for you to say what witnesses are telling the truth and which are not; it is for you to say what facts have been established, if any have been established, beyond a reasonable doubt. Now, Mr. Foreman, this is not a case that demands instructions on alibi, self-defense or justification. The defendant does not have to prove his defense beyond a reasonable doubt, but by the preponderance of the evidence merely. (E) * * * (F) Now, Mr. Foreman, you are to inquire whether or not the State has made out its case here against the prisoner at the bar beyond a reasonable doubt. If the State has made out its case beyond a reasonable doubt, it will be your duty to say guilty. If the State has failed to make out its case beyond a reasonable doubt, it will equally be your duty to say not guilty (G)."

1. It is excepted that the above charge from A to B was erroneous, in that there is no presumption that a witness is telling the truth, and in that the charge invaded the province of the jury, whose duty it was to weigh the testimony without regard to any such presumption. This exception we think is well founded. There is a presumption that the character or reputation of a witness is good until it is impeached by testimony, but we are not aware of any law which authorizes a statement that there is a presumption that what such witness tells is the truth. The jury may infer from the unimpeached character of a witness, that the witness *intends* to tell the truth; but whether what he

tells is, in fact, true, depends upon the conclusions of the jury, in view of the whole evidence before them, unaffected by any presumption as to whether it is true or not. Otherwise, the presumption of the defendant's innocence, which follows through the trial to the verdict, would be met by a counter-presumption of his guilt, the moment a State's witness narrated circumstances from which the jury might infer guilt. The rule announced by the Circuit Court would fill a case with warring presumptions as to facts. It is manifest that the charge was incorrect as matter of law, and was in effect instructing the jury as to the force and weight of testimony submitted to them. This error is further emphasized in the charge from B to C, in placing such alleged presumption on a level with the presumption in favor of defendant's innocence.

2. It is excepted that the charge from D to E is erroneous, in that in treating of the defense, he charged the jury that the defendant had to make out his defense by the preponderance of the testimony merely; wherein he should have charged the jury, in addition thereto, that if they had a reasonable doubt upon the whole case, they should acquit the defendant. This exception assumes that the Court correctly charged that the defendant had to make out his defense by the preponderance of the testimony, and only complains that he should have not only charged that, but instructed as to a reasonable doubt on the whole case. It would seem that both the Circuit Court and appellant conceived that defendant had set up an affirmative defense, whereas he did not. His defense was merely a plea of not guilty, a general denial. The fact that he admitted the connection with the prosecutrix, but claimed that he did so with her consent, constituted nothing more than a denial of the charge of rape, wherein, it was incumbent on the State to prove the fact that the act charged was without the consent of the prosecutrix. Therefore, it was not the duty of the defendant to make out his defense of not guilty by a preponderance of evidence, since it was incumbent on the State to prove

all the elements of the crime charged beyond a reasonable doubt, including, of course, the issue as to consent. As to the particular error assigned in this exception, we overrule the exception because the Court fully instructed the jury to give the defendant the benefit of every reasonable doubt.

3. Error is assigned to the charge from F to G, in that the Court thereby confined the jury to the consideration of the case as made out by the State, and in this, as well as in the charge as a whole, left the jury to consider only the case as made by the State, and excluded the defendant from the benefit of a reasonable doubt on the whole case. These questions are practically disposed of by what has already been said. It was a part of the State's case to prove that the prosecutrix did not consent, and that was the only real issue in the case. Therefore, when the jury were instructed to give the defendant the benefit of every reasonabl doubt, the instructions went to the whole evidence on the subject. This exception is overruled.

Having reached the conclusion that there must be a new trial for error in the charge as pointed out in considering the first exceptions to the charge of the Court to the jury, it becomes unnecessary to consider the appeal from the order of Judge Benet, refusing the motion for a new trial on after-discovered evidence.

The judgment of the Circuit Court is reversed, and the case remanded for a new trial.