**UNITED STATES of America,
Appellee,**

v.

**Jess Ross SAFLEY, Appellant.**

**UNITED STATES of America,
Appellee,**

v.

**Augustus BUTLER, Appellant.**

Nos. 12497, 12525.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 10, 1969.

Decided March 17, 1969.

Certiorari Denied June 23, 1969.
See 89 S.Ct. 2147.

Joseph J. Duffy, Jr., Alexandria, Va., for appellant, Butler.

Harry P. Hart, Alexandria, Va., for appellant, Safley.

John D. Schmidtlein, Asst. U. S. Atty. (C. V. Spratley, Jr., U. S. Atty., and C. P. Montgomery, Jr., Asst. U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and BUTZNER, Circuit Judges.

BUTZNER, Circuit Judge:

In these consolidated appeals Augustus Butler and Jesse Ross Safley seek reversals of their convictions under 18 U.S.C. § 2113(a) and (b) for bank robbery and theft. We affirm the judgments of the district court.

## I.

Several months before the trial, Butler moved for a severance because Safley had signed a confession that implicated Butler. Upon the government's representation that it would not offer Safley's confession in evidence, the district court denied the motion for severance. Faithful to his commitment, the district attorney did not refer to the confession or attempt to introduce it in evidence. One of the government's witnesses was an accomplice who had previously pleaded guilty and been sentenced to prison. In his direct examination he described Butler's and Safley's participation in the crime, but he made no reference to Safley's confession.[1] Counsel for Butler, in the course of persistent cross-examination, elicited information that an F.B.I. agent told the accomplice that Safley had given a statement about the robbery. The accomplice also testified that he did not read the statement and that he did not believe that Safley had given a statement. There the matter rested. Safley's confession was never introduced in evidence, and aside from the equivocal remarks of the accomplice, it was not discussed.

█ We find no reversible error in this incident. The vice of using a codefendant's statement lies in the denial of Sixth Amendment rights of confrontation and cross-examination when the author of the statement does not testify. It is for this reason that a severance is imperative. Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Although Safley did not testify, and therefore could not be cross-examined, Butler was not deprived of his Sixth Amendment rights. Safley's statement was never introduced in evidence. The accomplice, when pressed, admitted he never read the statement and that he did not believe Safley made one. Here, confrontation and cross-examination of the accomplice was critical. This was preserved, and accordingly we find Butler was not prejudiced by the denial of a severance.

█ We also find in this incident no reversible error with respect to Safley. The possibility that an involuntary confession may be untrustworthy is not the primary reason for excluding it. Exclusion is a sanction to deter the government from extracting evidence of guilt from a defendant by coercive means. The exclusionary rule is designed to prevent our system for the enforcement of criminal laws from degenerating into an inquisition. Rogers v. Richmond, 365 U.S. 534, 540, 81 S.Ct. 735, 5 L.Ed.2d 760 (1961). In this case, however, we find no violation of the exclusionary rule. The government made no attempt, directly or indirectly, to introduce the statement. Therefore, the fundamental reason for application of the rule—to deter or provide a sanction against intrusion upon Fifth Amendment rights—does not exist. Equally important is the fact that the statement was not introduced. Nor has it been suggested that the statement was obtained by improper means. Impropriety cannot be inferred because the government elected not to use a statement that implicated a codefendant.

█ In sum, the accomplice's reference to Safley's statement was hearsay elicited by defense counsel on cross-examination. It was qualified by the witness' observation that he never read the statement and that he did not believe Safley had made it. The inadvertent admission of this hearsay was at most harmless error that did not require a mistrial or a severance. See Lutwak v. United States,

---

1. The accomplice was corroborated by testimony that Safley, using a false name, had rented the car used to flee from the bank and that he left his fingerprints in the car. Butler's fingerprints were found on a chair used by a robber to prop open the gate to the bank's vault.

344 U.S. 604, 619, 73 S.Ct. 481, 97 L.Ed. 593 (1953).

## II.

■ Both Butler and Safley complain that the evidence was insufficient to establish that the deposits of the bank were insured by the Federal Deposit Insurance Corporation.[2]

An employee of the bank testified that the deposits "are" insured by the corporation. Taken literally the testimony could refer to the time of the trial. In context it could refer to the time of the robbery. The defendants did not object that the employee's testimony was irrelevant, as well it might have been if it referred only to the time of trial. They did, however, raise the question of the sufficiency of the evidence by motions for judgment of acquittal which were denied. They have never suggested that the bank was not insured by the Federal Deposit Insurance Corporation. Their argument is directed only to the paucity of the government's proof.

The district judge explained in his charge the necessity of federal insurance, and he told the jury it was for them to decide whether the employee referred to the date of the robbery or some other time. This was proper. From the evidence, viewed in context, the jury could draw the reasonable inference that the bank was insured at the time of the robbery. Cook v. United States, 320 F.2d 258 (5th Cir. 1963).

## III.

Both defendants assign error to a portion of the charge in which the judge said:

"Ordinarily, it is assumed that a witness will speak the truth, but this as-

sumption may be dispelled by the appearance and conduct of the witness, or by the manner in which he testifies, or the character of the testimony given, or by the evidence to the contrary of the testimony given." [3]

■ The instruction is improper. The jurors are the sole judges of the credibility of the witnesses and the weight to be given their testimony. This important function should not be encumbered by an assumption that witnesses tell the truth. Indeed, an instruction to this effect contradicts the rule that an accomplice's testimony should be received with caution. The error is magnified when a defendant does not testify. Then the assumption of the credibility of government witnesses dilutes the presumption of innocence. United States v. Johnson, 371 F.2d 800, 804 (3d Cir. 1967).

The defendants, however, did not object to the instruction as required by Federal Rule of Criminal Procedure 30, and in the light of the full charge we find no plain error. The district judge properly instructed the jury that they were the sole judges of the facts, that the defendants' failure to testify created no adverse presumption or inference against them, that the accomplice's testimony should be received with care and caution, and that the defendants should not be convicted on the accomplice's uncorroborated testimony unless it was believed beyond a reasonable doubt. The court also fully explained that the burden was on the government to prove every element of the crime beyond a reasonable doubt and that the defendants did not have to produce any evidence whatever. He explained the presumption of innocence and cautioned that the defendants could not be convicted upon mere suspicion or conjecture. In view of the thor-

---

2. Title 18 U.S.C. § 2113(f) provides:
   "As used in this section the term 'bank' means any member bank of the Federal Reserve System, and any bank, banking association, trust company, savings bank, or other banking institution organized or operating under the laws of the United States, and any bank the deposits of which are insured by

the Federal Deposit Insurance Corporation."

3. The instruction was included in Mathes & Devitt, Federal Jury Practice & Instructions § 9.01 (1965). It was deleted by the 1968 supplement, which cites a number of cases in which it was questioned.

ough manner in which the judge correctly charged the jury, we believe that they were not likely to have been misled by the erroneous instruction concerning the assumption of a witness' truthfulness.

Finally, we find no merit in the other assignments of error. The judgments of the district court are affirmed.