545 P.2d 963

**STATE of Arizona, Appellee,**

v.

**Raymond Charles CANADAY, Appellant.**

**No. 1 CA–CR 1086.**

Court of Appeals of Arizona,
Division 1,
Department A.

Feb. 10, 1976.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, John Pressley Todd, Asst. Attys. Gen., Phoenix, for appellee.

Derickson & Kemper by James Hamilton Kemper, Phoenix, for appellant.

## OPINION

FROEB, Judge.

Appellant was originally charged with five counts of burglary and five counts of grand theft. The prosecution dismissed one count of burglary and one count of grand theft at the time of trial. At the close of the State's case, the court directed a verdict as to three counts of grand theft and two counts of burglary. The jury returned a verdict of guilty of one count of burglary and one count of grand theft and acquitted appellant on the remaining burglary count.

After the verdict was returned, a trial was held on appellant's prior conviction of a felony and the court found that appellant had previously committed the crime of second degree burglary. Appellant was sentenced to not less than 12 nor more than 18 years on each count, the sentences to run concurrently.

On appeal, the sole issue raised by appellant is that the following instruction given by the trial court was error:

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. A witness is pre-

sumed to speak the truth. But this presumption may be outweighed by the manner in which the witness testifies, by the character of the testimony given or by the contradictory evidence. You should carefully scrutinize the testimony given and the circumstances under which each witness has testified and every matter in evidence which tends to indicate whether the witness is worthy of belief. Consider each witness's intelligence, motive, state of mind, demeanor and manner while on the witness stand. Consider also any relation each witness may bear to either the Plaintiff or the Defendant, the manner in which each witness may be affected by the verdict and the extent to which, if at all, each witness is either supported or contradicted by other evidence.

The objectionable portion of this instruction, according to appellant, is that "a witness is presumed to speak the truth." However, appellant did not object to the instruction in the trial court.

In fact, prior to the giving of the instructions, appellant's counsel stated, "We have no objections to the instructions which the court proposes to give." After the instructions were given, appellant's counsel stated that he had no corrections or additions to the instructions. Nonetheless, appellant contends that the giving of this instruction constitutes fundamental error which may be raised for the first time on appeal.

■ ■ In Arizona, it is well-established that a party may not assign an error in instructions on appeal unless he objects to the instruction before the jury retires. Arizona Rule of Criminal Procedure 21.3. However, an appellant may raise "fundamental" error for the first time on appeal. *State v. Bray*, 106 Ariz. 185, 472 P.2d 54 (1970). Our Supreme Court has stated that "to constitute error the prejudice thereby caused must be of a fundamental nature which goes to the foundation of the case, or which takes from the defendant a right essential to his defense." *State v.*

*Ganster*, 102 Ariz. 490, 495, 433 P.2d 620, 625 (1967).

■ We agree that the instruction that a witness is presumed to speak the truth is not helpful and should not be included in the instructions to a jury. Such an instruction could prejudice the defendant's presumption of innocence and infringe upon the jury's duty as the sole trier of fact. However, appellant has not referred us to any cases which hold that such an instruction is fundamental error.

In *Cupp v. Naughten*, 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973), the court held that similar instructions did not violate a defendant's right to due process or infringe upon the presumption of innocence to such an extent as to require reversal. In many of the other cases cited by appellant, the court held that a similar instruction was not plain error. *United States v. Safley*, 408 F.2d 603 (4th Cir., 1969), cert. den., 395 U.S. 983, 89 S.Ct. 2147, 23 L.Ed.2d 772; *United States v. Reid*, 469 F.2d 1094 (5th Cir., 1972); *United States v. Stroble*, 431 F.2d 1273 (6th Cir., 1970). Other federal circuits have held that such an instruction is not reversible error if, as in the current case, the instructions also inform the jury of how this "presumption" may be overcome. *United States v. Gray*, 464 F.2d 632 (8th Cir., 1972); *United States v. Bilotti*, 380 F.2d 649 (2nd Cir., 1967). Such an instruction was given here.

■ Although appellant himself did not testify, he presented two witnesses who testified that they committed the burglary and that appellant did not participate in it. The court made no distinction between appellant's witnesses and the State's witnesses in its instructions. Therefore, appellant's witnesses received the benefit of the "presumption" to the same extent as did the State's witnesses. Further, the court instructed the jury on how the presumption could be destroyed. The court also instructed that the jury was the sole judge of the credibility of witnesses, that appellant was presumed by law to be innocent

and that the State had to prove appellant guilty beyond a reasonable doubt. In light of the additional instructions, the fact that appellant presented witnesses who received the benefit of the "presumption" and appellant's failure to object, we do not feel that the instruction in the current case constitutes fundamental error requiring reversal.

Judgment affirmed.

DONOFRIO, P. J., and OGG, J., concur.