**UNITED STATES of America, Plaintiff,**

v.

**Richard Todd GLIDDEN, Defendant.**

**Crim. No. 4–81–83.**

United States District Court,
D. Minnesota,
Fourth Division.

Dec. 22, 1981.

James M. Rosenbaum, U. S. Atty., and Deborah Kleinman McNeil, Asst. U. S. Atty., Minneapolis, Minn., for plaintiff.

Scott F. Tilsen, Minneapolis, Minn., for defendant.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND VERDICT

MacLAUGHLIN, District Judge.

The above-captioned case came on for trial on Monday, November 30, 1981, based on a three-count indictment that was returned by the United States Grand Jury on September 18, 1981. The defendant Todd Richard Glidden was charged in the indictment with robbing two branches of a federally insured savings and loan association and one federally insured bank, in violation of 18 United States Code, § 2113(a).

At trial, the defendant moved the Court for trial without jury. Pursuant to Federal Rules of Criminal Procedure 23(a), a written consent was duly executed by the de-

fendant, his counsel, and the Assistant United States Attorney. The consent was approved and filed with the Court.

After considering all the evidence presented at trial and all the written arguments of counsel submitted in lieu of closing arguments, the Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

### COUNT I

1. On September 8, 1981, at approximately 12:45 p. m., the defendant Todd Richard Glidden, wearing a red plaid flannel shirt and safety glasses, entered the Twin City Federal Savings and Loan Association, Fridley Office, 5205 Central Avenue Northeast, Fridley, Minnesota, which is located in Anoka County.

2. The defendant walked up to Elizabeth Messelt's teller window, handed her a brown paper bag, and demanded that she "fill it up." Messelt, intimidated by the defendant, took money from her teller drawer and gave it to the defendant.

3. The defendant took from Messelt's presence approximately $1,115 that belonged to, and was in the care, custody, control, management, and possession of Twin City Federal Savings and Loan Association, Fridley Office.

4. The defendant committed this robbery willfully and intentionally.

5. The deposits of the Fridley Office of Twin City Federal Savings and Loan Association, 5205 Central Avenue Northeast, Fridley, Minnesota, were then insured by the Federal Savings and Loan Insurance Corporation.

### COUNT II

1. On July 28, 1981, at approximately 2:45 p. m., the defendant Todd Richard Glidden, wearing safety glasses, entered the Twin City Federal Savings and Loan Association, Highland Office, 1601 Randolph Avenue, St. Paul, Minnesota, which is located in Ramsey County.

2. The defendant walked up to Margaret M. Leeper's and Judy Dailey's teller windows, handed each of them a brown paper bag, demanded that each of them "fill it up," and "empty the drawers." Each teller, intimidated by the defendant, took currency from her teller drawer and gave it to the defendant.

3. The defendant took from Leeper's and Dailey's presence approximately $3,266 that belonged to, and was in the care, custody, control, management, and possession of Twin City Federal Savings and Loan Association, Highland Office.

4. The defendant committed this robbery willfully and intentionally.

5. The deposits of the Highland Office of the Twin City Federal Savings and Loan Association, 1601 Randolph Avenue, St. Paul, Minnesota, were then insured by the Federal Savings and Loan Insurance Corporation.

### COUNT III

1. On June 23, 1981, at approximately 1:00 p. m., the defendant Todd Richard Glidden entered the Marquette State Bank of Columbia Heights, Fridley Office, 225 Osborne Road, Fridley, Minnesota, which is located in Anoka County.

2. The defendant walked up to Celeste A. Orieux's teller window, handed her a brown paper bag, and demanded cash. Orieux, intimidated by the defendant, took money from a nearby drive-in window drawer, put it in the bag, and handed the bag to the defendant.

3. The defendant took from Orieux's presence approximately $318 that belonged to, and was in the care, custody, control, management, and possession of the Marquette State Bank of Columbia Heights, Fridley Office.

4. The defendant committed this robbery willfully and intentionally.

5. The deposits of the Fridley Office of the Marquette State Bank of Columbia Heights, 225 Osborne Road, Fridley, Minnesota, were then insured by the Federal Deposit Insurance Corporation.

Based upon these findings of fact, the Court makes the following conclusions of law.

## CONCLUSIONS OF LAW

1. The Court finds that as to Count I the government has proven beyond a reasonable doubt that on September 8, 1981, Todd Richard Glidden willfully and by intimidation took from the person and presence of Elizabeth Messelt, a teller, about $1,115 in money belonging to, and in the care, custody, control, management, and possession of Twin City Federal Savings and Loan Association, 5205 Central Avenue Northeast, Fridley, Minnesota, the deposits of which were then insured by the Federal Savings and Loan Insurance Corporation, in violation of 18 United States Code § 2113(a).

2. The Court finds that as to Count II the government has proven beyond a reasonable doubt that on July 28, 1981, Todd Richard Glidden willfully and by intimidation took from the persons and presence of Margaret M. Leeper and from Judy Dailey, both tellers, about $3,266 in money belonging to, and in the care, custody, control, management, and possession of Twin City Federal Savings and Loan Association, Highland Branch Office, 1601 Randolph Avenue, St. Paul, Minnesota, the deposits of which were then insured by the Federal Savings and Loan Insurance Corporation, in violation of 18 United States Code § 2113(a).

3. The Court finds that as to Count III the government has proven beyond a reasonable doubt that on June 23, 1981, Todd Richard Glidden willfully and by intimidation took from the person and presence of Celeste A. Orieux, a teller, about $318 in money belonging to, and in the care, custody, control, management, and possession of Marquette State Bank of Columbia Heights, Fridley Office, 225 Osborne Road, Fridley, Minnesota, the deposits of which were then insured by the Federal Deposit Insurance Corporation, in violation of 18 United States Code § 2113(a).

Based upon these conclusions of law, the Court finds the defendant guilty beyond a reasonable doubt as to Counts I, II, and III of the indictment.

Pursuant to the foregoing findings,

IT IS ORDERED that the defendant Todd Richard Glidden report to the United States Probation Office, United States Courthouse, Minneapolis, MN, within ten days of the date of this order for the purpose of assisting the Probation Office of this Court in the preparation of a Presentence Investigation Report.

IT IS FURTHER ORDERED that the defendant may remain at liberty under the same terms and conditions of his present release.

## MEMORANDUM

In his proposed findings of fact submitted to the Court subsequent to trial defendant concedes that the government proved beyond a reasonable doubt that he had taken the funds as charged in each of the three counts of the indictment, and that he had done so through intimidation. However, defendant vigorously argues that the government did not adequately prove that the financial institutions involved were federally insured as required by the statute.

Defendant relies on *U. S. v. Platenburg*, 657 F.2d 797 (5th Cir. 1981) in which the court discusses the tendencies of prosecutors to be careless in the quantum of proof submitted on this element:

> Proof of this status [insurance] is not a mere formality; it is an essential element of the federal offense charged in the case before us. Indeed, federal jurisdiction depends on this status....

> Despite the fact that FDIC insured status is an express requirement of the applicable statutes, an essential part of a valid indictment, and an indispensible item of proof of an offense, prosecutors have been extremely lax in the treatment accorded this element....

> Certainly we recognize the possibility that we or our sister Courts may some day be faced with an insufficiency of the evidence of insurance ... which would warrant reversal. Indeed, we have difficulty comprehending why the

Government repeatedly fails to prove this element more carefully since the Government's burden is so simple and straightforward.

*Id.* at 799 (quoting with approval *United States v. Maner*, 611 F.2d 107, 111–112 (5th Cir. 1980)).

The Fifth Circuit concluded that the evidence in *Platenburg*, which consisted *only* of the introduction into evidence of the certificate of insurance dated several years before the time of the offense, was insufficient to prove insured status, and the judgment of guilt was reversed.

The Eighth Circuit Court of Appeals has considered the same question of sufficiency of evidence of insurability on several occasions. *See, e.g., U. S. v. Clemons*, 532 F.2d 122 (1976); *U. S. v. Merrill*, 484 F.2d 168 (1973); and *Scruggs v. U. S.*, 450 F.2d 359 (1971). In each of the cited cases the Court held that receipt of the certificate of insurance into evidence, along with evidence that the premium had been paid for the year in question, was sufficient to carry the government's burden of proof.

The Fourth Circuit, in *U. S. v. Safley*, 408 F.2d 603 (1969), found the burden of proof to have been satisfied where "[a]n employee of the bank testified that the deposits 'are' insured by the corporation." *Id.* at 605.

■ In the counts involved in the instant case the government did not produce a receipt or cancelled check to support the proof of insured status at the time of the crimes. However, after careful reflection the Court has concluded that the evidence produced, while falling short of the ideal, is sufficient to support a finding beyond a reasonable doubt that both institutions were federally insured at the time of the incidents charged.

Counts I and II involve the Twin City Federal Savings and Loan Association. Gordon Bluhm, Assistant Vice President and Corporate Security Officer, was called by the government. Bluhm testified that he had the responsibility for the security of all Twin City Federal offices, the safeguarding of its assets, and the safety of customers and employees. The certificate of insurance of Twin City Federal from the Federal Savings and Loan Insurance Corporation was introduced into evidence. The testimony was uncontroverted that the certificate of insurance covers all of the offices of Twin City Federal. Defendant objects, however, to the use of the certificate as evidence of insured status at the time of the robberies since the certificate is dated March 25, 1937. Standing alone the certificate probably would be insufficient for proof of this element. However, Bluhm also testified as follows:

Q. In connection with that position [Corporate Security Officer] do you know whether or not the deposits of the Twin City Federal Savings and Loan Association are federally insured?

A. Yes, they are.

Later in his testimony, and in the Court's opinion providing sufficient foundation for Bluhm's opinion that the institution is federally insured, Bluhm stated as follows:

Q [By Mr. Tilsen, attorney for defendant] Your job does not involve insurance for the savings and loan association?

A. A Security Officer in today's realm is responsible for risk analysis of all types of risks that pose a threat to either the assets or the employees or the customers of the savings and loan. I am currently involved in that. I serve as a member of the Risk Management Team, which is the corporate entity that secures the insurance, all types of insurance, for Twin City Federal. My boss is the Insurance Officer for Twin City Federal.

In the Court's judgment, the certificate of insurance along with the testimony recited above leads to the conclusion beyond a reasonable doubt that Twin City Federal and its branches were federally insured as of the date of the robberies charged in Counts I and II of the indictment.

■ Count III involves the Marquette State Bank of Columbia Heights in its Fridley office. Gary M. Lechko, Manager of the Fridley office and Assistant Vice President of the bank, was called by the government. Again, a certificate of insurance from the Federal Deposit Insurance Corporation was introduced into evidence which covers the Marquette State Bank of Columbia Heights

and its branches. However, in this case, the certificate was dated October 22, 1980, the date on which the Fridley branch was opened. The bank has a single account number with the FDIC, under which all of its deposits, including the Fridley branch, are insured. Lechko testified that the original of the certificate is framed and posted on the wall of the Fridley office. Lechko also testified as follows:

Q. In connection with your position as Manager of the Fridley branch office and Assistant Vice President of the Marquette State Bank of Columbia Heights, are you knowledgeable about whether the bank is federally insured?

A. Yes.

Q. Are the deposits of the bank federally insured?

A. Yes.

Q. The accounts held by the depositors?

A. Yes.

Based upon the above evidence the Court finds beyond a reasonable doubt that the Marquette State Bank of Columbia Heights, Fridley office, was federally insured at the time of the robbery charged in Count III of the indictment.