521 A.2d 1289

**Michael Edward LASTER**

v.

**STATE of Maryland.**

**No. 997, Sept. Term, 1986.**

Court of Special Appeals of Maryland.

March 10, 1987.

George E. Burns, Jr., Asst. Public Defender (Alan H. Murrell, Public Defender on brief), Baltimore, for appellant.

Ronald M. Levitan, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Baltimore, Warren B. Duckett, Jr., State's Atty. for Anne Arundel County and Cynthia M. Ferris, Asst.

State's Atty. for Anne Arundel County on brief), Annapolis, for appellee.

Before WILNER, GARRITY, and BELL (ROBERT M.), JJ.

ROBERT M. BELL, Judge.

Michael Edward Laster, appellant, was convicted by a jury in Anne Arundel County of first degree rape, armed robbery, and use of a handgun in the commission of a crime of violence. He was committed to the custody of the Division of Correction for a term of life plus 40 years as a result of those convictions. On appeal, appellant submits that:

1. The court erred in its instructing the jury that a witness is presumed to speak the truth; and

2. The court's instruction on reasonable doubt was erroneous and confusing.

The facts giving rise to the issues on this appeal need not be set out in detail. It is sufficient simply to note that the State's evidence tended to prove that appellant entered a Ritz camera store on Ritchie Highway, raped and robbed one of its employees, and stole items from another employee's purse. Appellant neither testified nor offered any witnesses in his defense.

### 1. Credibility instructions

Appellant contends that the trial judge erred in instructing the jury that witnesses are presumed to speak the truth. Acknowledging that he did not except to the instruction and that the instructions as a whole detailed the relevant factors to be considered by the jury in judging witness credibility, thus making clear that the "presumption" was not conclusive, he argues: "Because no such presumption exists, the court's instruction even taken as a whole was prejudicially erroneous" and, in fact, was plain error. Appellant relies on *Hairston v. State*, 68 Md.App. 230, 511 A.2d 73 (1986),

decisions from the federal Circuit Courts of Appeal,[1] and decisions from other states.[2]

The court's instruction regarding the credibility of the witnesses was as follows:

Now, you have to decide who to believe and who not to believe. Now, you may be tempted to totally disbelieve a witness because a witness may have contradicted themselves [sic] while testifying. Keep in mind, however, that people sometimes forget things and end up contradicting themselves. And you may be totally tempted ... or you may be tempted to totally disbelieve a witness because another witness testified differently. Again keep in mind that when two people witness an incident they may remember it differently. And when you are deciding whether or not to believe a witness, you should consider whether contradictions or differences in testimony which exist in every case had to do with some important fact or some trivial detail. In judging whether to believe a witness, bear in mind that *all witnesses are presumed to speak the truth* but that's not conclusive and it can be overcome by contradictory evidence, by the manner in which the witness testifies, by the character of their testimony or evidence pertaining to their motives. And if you believe that there is a conflict in the testimony with respect to material facts, then you have to decide which version you're going to accept. And you consider and weigh the testimony of all witnesses who testified before you. And you may consider the demeanor and the behavior of the witness on the stand, the witness's manner of testifying, whether the witness impresses you as being a

---

1.  *United States v. Varner,* 748 F.2d 925 (4th Cir.1984); *United States v. Evans,* 398 F.2d 159 (3rd Cir.1968); *McMillen v. United States,* 386 F.2d 29 (1st Cir.1967); *United States v. Johnson,* 371 F.2d 800 (3rd Cir.1967); *United States v. Meisch,* 370 F.2d 768 (3rd Cir.1966). *United ed State v. Love,* 767 F.2d 1052 (4th Cir.1985), although not cited by appellant, supports his position.

2.  *Harris v. State,* 22 Ala.App. 121, 113 S. 318 (1927); *State v. Taylor,* 57 S.C. 483, 35 S.E. 729 (1900).

truthful individual, whether the witness impresses you as having an accurate memory, or recollection or whether the witness has any motive for not telling the truth, whether the witness had a full opportunity to observe the matters to which they've [sic] testified, whether the witness has any interest in the outcome of the case or friendship or animosity towards either side. You consider the reasonableness, the probability or the improbability of the testimony of all witnesses in determining whether to accept it as true or accurate. And you may consider whether the witness has been contradicted or corroborated by other credible witness. (emphasis added)

The jury was also instructed that the State bore the burden of proof and that appellant was presumed innocent until proven guilty beyond a reasonable doubt. Furthermore, a specific instruction pertaining to the assessment of eyewitness testimony was also given. That instruction did not refer to the presumption of truthfulness.

*Hairston* involved a prosecutor's closing argument, not a jury instruction. Over the defendant's objection, the prosecutor was permitted to argue that the State's witnesses were presumed to speak the truth and that their testimony was not subject to any "negative presumption that they are lying". Although we held that the argument was error, we determined it to be harmless beyond a reasonable doubt. That the trial judge's witness credibility instructions were proper and the jury had been advised that argument of counsel is not evidence supported our conclusion. Implicit in *Hairston*, however, at least insofar as State witnesses are concerned, is the notion that a jury instruction that witnesses are presumed to tell the truth is error.

The case *sub judice* differs from *Hairston* in two respects: It involves a jury instruction and appellant did not except to that instruction. It is like *Hairston* in that the only witnesses to which the instruction could have application are State's witnesses. Since appellant did not object or except to the instruction, reversal is appropriate only if we determine that the giving of the instruction was plain error.

*See* Maryland Rule 4–325(e); *Hutchinson v. State,* 287 Md. 198, 202, 411 A.2d 1035 (1980). This requires that, after inquiry, we be satisfied that giving the instruction was error and that the error was "material to the rights of the accused, *i.e.,* vitally affecting his right to a fair and impartial trial." *Hutchinson,* 287 Md. at 202, 411 A.2d 1035. Only those errors that are "compelling, extraordinary, exceptional, or fundamental to assure the defendant a fair trial", 287 Md. at 203, 411 A.2d 1035, may be characterized as plain error. Those which "when reviewed in context, are purely technical, result from trial tactics or are simply overlooked," will not suffice. 287 Md. at 202–03, 411 A.2d 1035.

■ "The law raises no presumption one way or the other as to the credibility of a witness, and a contrary instruction constitutes an invasion of the province of the jury." 75 Am.Jur.2d § 859, p. 741. *Hairston* implicitly recognized this proposition, at least with respect to State witnesses. The giving of such an instruction is not, however, constitutionally invalid *Cupp v. Naughten,* 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973).

At issue in *Cupp* was the following jury instruction: "Every witness is presumed to speak the truth. This presumption may be overcome by the manner in which the witness testified, by the nature of his or her testimony, by evidence affecting his or her character, interest, or motives, by contradictory evidence, or by a presumption."

414 U.S. at 142, 94 S.Ct. at 398. The question presented was whether that instruction, given at a State criminal trial, shifted the burden of proof to the accused or negated the presumption of innocence. There, as here, the defendant neither testified nor presented any witnesses in his defense. There, as here, in addition to the instruction set out above, the trial judge instructed the jury as to the State's burden of proof and as to the presumption of innocence. There, as here, although not in as comprehensive a manner, the challenged instruction addressed how the presumption could

be overcome. Emphasizing that "A single instruction ... may not be judged in artificial isolation", 414 U.S. at 147, 94 S.Ct. at 400, and noting that the approval of such an instruction by a State's highest court deserves appropriate respect, 414 U.S. at 145, 149, 94 S.Ct. at 399, 401, the Court held that the instruction did not violate any right guaranteed to the defendant by the Fourteenth Amendment. 414 U.S. at 146, 94 S.Ct. at 400. In other words, the instruction, if improper, did not "so infect[ ] the entire trial that the resulting conviction violates due process." 414 U.S. at 147, 94 S.Ct. at 400.

Despite *Cupp*, appellant's reliance on federal appeals court cases is not misplaced. There is "substantial unanimity among federal courts appeals", *Cupp*, 414 U.S. at 146, 94 S.Ct. at 400, that a presumption of truthfulness instruction is improper and ought not be given. *See* cases cited at p. 2 *supra*, n. 1; *Cupp*, 414 U.S. at 144, n. 4, 94 S.Ct. at 399, n. 4. The reasons for the rule were well stated in *United States v. Safley*, 408 F.2d 603, 605 (4th Cir.1969):

> The instruction is improper. The jurors are the sole judges of the credibility of the witnesses and the weight to be given their testimony. This important function should not be encumbered by the assumption that witnesses tell the truth.... The error is magnified when a defendant does not testify. Then the assumption of the credibility of government witnesses dilutes the presumption of innocence. *United States v. Johnson*, 371 F.2d 800, 804 (3rd Cir.1967).

■ The federal cases involve direct appeals of federal convictons rather than collateral review of State court convictions. Thus, "[t]he appellate courts were, in effect, exercising the so-called supervisory power of an appellate court to review proceedings of trial courts and to reverse judgments of such courts which the appellate court concludes were wrong." *Cupp*, 414 U.S. 146, 94 S.Ct. at 400. As such, the cases are not binding on us. They are persuasive, however. Therefore, we hold that a presumption of truthfulness instruction is improper and ought not be

given, especially when, as here, the only witnesses testifying are State witnesses.

■ The defendant in *Safley*, like appellant here, did not object to the improper instruction. The court reviewed the remainder of the instructions given by the trial judge and found them to be in all other respects thorough and correct. Therefore, the Court said: "In light of the full charge we find no plain error." 408 F.2d at 605–06. *See also United States v. Love*, 767 F.2d at 1060. We are similarly persuaded by our review of the entire instructions *sub judice*. As mentioned, the trial judge fully apprised the jury of the State's burden of proof, the presumption of innocence, and the factors to be considered in judging eyewitness testimony. The instructions as to these matters were both thorough and correct. Accordingly, in context, the error in instructing that there is a presumption of truthfulness does not rise to the level of plain error.[3]

2. Jury instruction on reasonable doubt

The court gave the following reasonable doubt instruction:

"And lastly, I've indicated that the State has to prove it's offenses to the exclusion of a reasonable doubt. Now, that term is a term of art. By that I mean the words have no relation to what they mean in the English language. If you stop and think, 'beyond' is a preposition. If you look it up in any dictionary it's a preposition which means more than or further than. In other words you

---

**3.** This is not a case like *United States v. Evans, supra* in which reversible error was found even though the defendant did not object to the improper presumption of truthfulness instruction. There, other trial error, specifically the failure to give an accomplice instruction and permitting the defendant's alibi witness to be impeached by an inadmissible prior conviction, enhanced the effect of the improper instruction on the jury. 398 F.2d at 162–66. *See also McMillen v. United States, supra* (unobjected to presumption of truthfulness instruction, when coupled with failure to charge that an accomplice's testimony should be viewed with suspicion and where the accomplice's testimony was uncorroborated, was plain error).

say, 'The ship is beyond the horizon.' You mean that it's further than the horizon. Or if I say, you know, 'You can't pour a gallon of water into this cup. It's beyond the capacity of the cup' meaning it's more than the capacity of the cup. Now, when we say beyond a reasonable doubt, are we telling you that the State has to prove it more than a reasonable doubt or beyond a reasonable doubt or further than a reasonable doubt? That's ridiculous. As I said, it's a term of art and what it means is that the State has to prove it's case to the exclusion of a reasonable doubt. Now, let me tell you what a reasonable doubt is not. It doesn't mean that you have to be a hundred percent convinced of the Defendant's guilt. It doesn't mean that the State has to disprove every conceivable circumstance of innocence. And it's not a doubt that you can arbitrarily and capriciously seize upon to avoid doing a disagreeable duty. And it's not a doubt arising from the natural sympathy which you may have for others. A reasonable doubt is just what it says, it's a doubt founded on reason. When you go back in the jury room you take your common sense with you. Nothing in life is a hundred percent certain but that doesn't stop you from making important decisions in your own life. Thus, all I can ask of you is to be as certain as you would want to be if you were making an important decision in your own life. A reasonable doubt is a sound, sensible, logical doubt based upon the evidence that you've heard in this case. If you have a reasonable doubt then you acquit the Defendant. If you do not have a reasonable doubt then you may convict the Defendant.

The following colloquy then occurred at the bench:

COURT: Who wants to speak first.

MS. FERRIS [Assistant State's Attorney]: No exceptions.

MR. KIRBY: [Appellant's counsel]: I ... I do, your Honor, at definitely to this reasonable doubt one. As a matter of fact, I haven't even heard one given like this one before. But I do make an exception and make an

objection and I except to it. Your Honor, I also object to the ... this new ... this copy going in. It's extremely prejudicial.

Appellant argues that the instruction was erroneous and confusing. He asserts that the instruction: "could only ... confuse and mislead the jury as to the meaning and importance of the beyond a reasonable doubt standard of proof"; overemphasized the lack of certainty; and, by failing to define or explain the word, "important", did not give the jury adequate guidance.

▬ There is no particular litany a court must recite in defining reasonable doubt. *Montgomery v. State*, 292 Md. 84, 95, 437 A.2d 654 (1981). We note that appellant's objection below did not state the grounds of the objection. Md.Rule 4–325(e). *See Leatherwood v. State*, 49 Md.App. 683, 694–95, 435 A.2d 477 (1981). Thus, the grounds specified for the first time on appeal are not preserved. In any event, we perceive no error. *Bowers v. State*, 298 Md. 115, 159, 468 A.2d 101 (1983).

JUDGMENTS AFFIRMED.

COSTS TO BE PAID BY APPELLANT.