902 F.2d 1566
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sterling Douglas FORES, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Brian Robert KEITH, Defendant-Appellant.
 Nos. 89-5190, 89-5191.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 8, 1990.
Decided May 1, 1990.
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (Cr. No. S-89-081)
 Russell Paul Butler, Keiffer, Ditrani, Johnston, Butler & Reinstein, Camp Springs, Md., William F. Gosnell, Baltimore, Md., for appellants.
 Christopher Bowmer Mead, Assistant United States Attorney, Baltimore, Md. (Argued) for appellee; Breckinridge L. Willcox, United States Attorney, Gregg L. Bernstein, Assistant United States Attorney, Baltimore, Md., on brief.
 D.Md.
 AFFIRMED.
 Before SPROUSE and CHAPMAN, Circuit Judges, and HIRAM H. WARD, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Sterling Fores and Brian Keith appeal their convictions of conspiracy to defraud a bank under 18 U.S.C. Sec. 371 and bank fraud under 18 U.S.C. Sec. 1344. Appellants challenge a number of rulings made by the district court during the jury trial. Finding no reversible error, we affirm.
 
 I.
 
 2
 In November 1988 appellant Keith, presenting a fabricated contract with the District of Columbia Department of Employment Services, obtained a loan from Heritage Bank. Within the fabricated document appeared the name of appellant Fores, whom Keith described as his contact in the Department of Employment Services. William Aragoni, a Heritage Bank loan officer, verified through Fores that the contract was valid and that payment under the contract would be due in January. In actuality, however, Keith never had a contract with the District of Columbia government; the document he presented to Aragoni was an altered contract between the Department of Employment Services and the Washington Institute for Employee Training. Nevertheless, relying on appellants' misrepresentations, Aragoni authorized a loan to Keith of $45,000.00.
 
 
 3
 Keith failed to repay the loan when it came due and, after making further misrepresentations, obtained an extension until April 1, 1986. When the loan remained unpaid in April, Aragoni could not locate Keith. Thereafter, Aragoni called the Department of Employee Services, but Fores was unavailable, and no one there could confirm the existence of the fabricated contract. Keith never repaid Heritage Bank.
 
 II.
 
 4
 Appellants first assert that the government's evidence that Heritage Bank was insured by the Federal Deposit Insurance Corporation, an essential element as well as a jurisdictional prerequisite of both offenses, was insufficient to support the jury's verdicts of guilty. The trial transcript reflects testimony of a bank officer that Heritage Bank was FDIC insured in 1985 and 1987.* Appellants contend that since this witness did not work for the bank at the time during which the offenses were committed, he was incompetent to testify regarding the insured status of the bank, and that the evidence of FDIC insurance was insufficient to support the guilty verdicts. Although the most appropriate method of establishing FDIC insured status is to introduce the certificate of insurance for the relevant time period, we hold that the government's evidence of FDIC insurance in this case was sufficient to support the verdicts of guilty.
 
 
 5
 In United States v. Safely, 408 F.2d 603 (4th Cir.), cert. denied, 395 U.S. 983, 89 S.Ct. 2147, 23 L.Ed.2d 772 (1969), defendants challenged their bank robbery convictions on grounds that the evidence of FDIC insurance was insufficient. At that trial, a bank employee testified that the deposits "are" FDIC insured. Defendants contended that the testimony could have referred to the time of the offense or the time of trial. However, the district judge instructed the jury that it was for them to decide whether the employee referred to the date of the robbery or some other time. On appeal, this Court determined that the evidence of insurance, viewed in the context of all the evidence, was sufficient, since the "jury could draw the reasonable inference that the bank was insured at the time of the robbery." Safely, 403 F.2d at 605.
 
 
 6
 In a more recent case, United States v. Gallop, 838 F.2d 105 (4th Cir.), cert. denied, --- U.S. ----, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988), this Court addressed similar facts and held that testimony from a bank officer that the bank holding company "and its subsidiaries," which included the victim bank, were FDIC insured was sufficient to establish the existence of FDIC insurance for purposes of establishing federal jurisdiction. Id. at 111-12. This Court, citing numerous cases from other circuits, stated that a certificate of FDIC insurance is not a sine qua non of proof of jurisdiction. Id. at 112. Accordingly, we hold that the testimony of the Heritage Bank officer, although somewhat meager evidence, was sufficient to allow the jury to draw the reasonable inference that Heritage Bank was FDIC insured at the time of the offenses charged in the indictment.
 
 
 7
 Appellants next assign as error the district court's admission into evidence of appellants' other loan applications under Federal Rule of Evidence 404(b). Appellants contend that the probative value of the evidence was outweighed by the danger of unfair prejudice since the sole purpose of the evidence was to show criminal disposition. "The trial court has broad discretion in ruling on questions of relevancy and in balancing the probative value of relevant evidence against any undue prejudice." United States v. Zandi, 769 F.2d 229, 237 (4th Cir.1985). We find no abuse of discretion in the court's admission of evidence of the other loan applications and its instruction to the jury to consider them only to show that appellants acted intentionally and not because of mistake, accident, or other reason.
 
 
 8
 Appellants further assign as error the district court's failure to admit statements in a business record which amounted to hearsay within hearsay. Appellants sought the admission of an inter-office memorandum containing hearsay statements of an employee of the Department of Employment Services and Mr. Aragoni. Appellants assert that the statements of the employee were not offered to prove the truth of the matters asserted, and that Aragoni's statements fell within the state of mind exception to the hearsay rule. Because it appears that the employee's statements regarded an earlier contract proposal and not the fraudulent contract used as collateral for the loan in this offense, and because a lender's state of mind is totally irrelevant in a prosecution under 18 U.S.C. Sec. 1344, we find no reversible error in the district judge's refusal to admit the statements. See United States v. Swearingen, 858 F.2d 1555, 1558 (11th Cir.1988), cert. denied, --- U.S. ----, 109 S.Ct. 1540, 103 L.Ed.2d 844 (1989).
 
 
 9
 We further find no error in the Court's determination that the misrepresentations made by appellants in obtaining the fraudulent loans were material as a matter of law, nor in the Court's decision to admit checks written by one conspirator to another as evidence of payment for criminal activity. Finally, discerning no prejudice to appellants, we find no merit in their contention that the district court abused its discretion by denying their motions for severed trials.
 
 
 10
 Accordingly, the judgment of the trial court is
 
 
 11
 AFFIRMED.
 
 
 
 *
 The acts constituting the charged offenses occurred in 1985 and 1986. The government contends that the trial testimony actually regarded the years 1985 and 1986, and that the transcript incorrectly cites the years 1985 and 1987