**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4292**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

WILLARD MIAL CREWS,

                    Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:08-cr-00050-WO-1)

Submitted:  July 28, 2011          Decided:  August 17, 2011

Before NIEMEYER, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. David James, SMITH, JAMES, ROWLETT & COHEN, LLP, Greensboro, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Paul A. Weinman, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Willard Mial Crews appeals his conviction and sentence after a jury convicted him of bank robbery in violation of 18 U.S.C. § 2113(a). On appeal, Crews argues that the district court erred in denying his motion for judgment of acquittal, admitting evidence, instructing the jury, and denying his request to make a pro se closing argument. Crews also contends that the indictment should be dismissed for violation of the Speedy Trial Act. We affirm.

Crews first contends that there was insufficient evidence to show that his actions constituted intimidation and that the bank was insured by the Federal Deposit Insurance Corporation (FDIC). Based on these deficiencies, Crews argues that the district court erred in denying his motion for judgment of acquittal. We review a district court's denial of a motion for judgment of acquittal de novo. United States v. Hickman, 626 F.3d 756, 762 (4th Cir. 2010). We are "obliged" to sustain a guilty verdict that, viewing the evidence in the light most favorable to the government, is supported by substantial evidence. United States v. Osborne, 514 F.3d 377, 385 (4th Cir. 2008). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal citation omitted).

2

A defendant bringing a sufficiency challenge bears a "heavy burden." United States v. Hoyte, 51 F.3d 1239, 1245 (4th Cir. 1995). In evaluating the sufficiency of the evidence, we do not review the credibility of the witnesses and assume the jury resolved all contradictions in the testimony in favor of the government. United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007). Reversal for insufficient evidence is reserved for the rare case where the government's failure is clear. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997).

To constitute bank robbery under § 2113(a), the government must prove that the money was taken "by force and violence, or by intimidation." 18 U.S.C. § 2113(a); United States v. Ketchum, 550 F.3d 363, 365 n.1 (4th Cir. 2008). The "intimidation element of § 2113(a) is satisfied if an ordinary person in the teller's position reasonably could infer a threat of bodily harm from the defendant's acts, whether or not the defendant actually intended the intimidation." United States v. Woodrup, 86 F.3d 359, 364 (4th Cir. 1996) (internal quotation marks omitted). Further, the government must show that the bank was insured by the FDIC at the time of robbery. In United States v. Safley, 408 F.2d 603, 605 (4th Cir. 1969) this court found that based on testimony by a bank employee that the bank's deposits "are" insured, a "jury could draw the reasonable inference that the bank was insured at the time of the robbery."

3

With these standards in mind, we have reviewed the record and conclude that the evidence of intimidation and FDIC insurance was sufficient to support Crews's conviction.

Crews next contends that the district court erred in admitting a copy of the bank's FDIC certificate. We review a district court's evidentiary rulings for abuse of discretion and subject such rulings to harmless error review. United States v. Johnson, 587 F.3d 625, 637 (4th Cir. 2009). At trial, a bank employee testified that the bank was insured by the FDIC on the day of the robbery, and that the document marked as government's Exhibit 5 was a copy of the bank's FDIC certificate. Crews objected to introduction of the certificate, arguing that a proper foundation required the testimony of the owner or someone else in control of the bank. The district court overruled the objection, finding that the employee was qualified and had knowledge of the matter; that this was a copy of the certificate showing the bank was insured by the FDIC; and that anything further on authentication could be pursued on cross examination. Crews did not ask any questions on cross examination, and the district court found the employee's testimony had authenticated the certificate.

On appeal, Crews contends that the district court erred in admitting the FDIC certificate because it did not have a signature and thus was not self-authenticating under Fed. R.

4

Evid. 902(1). Crews argues that there was "not sufficient testimony to authenticate the document otherwise," because the employee did not testify that she was an officer of the bank and she "did not have the personal knowledge necessary to give this testimony." We conclude there was no error. See United States v. Wingard, 522 F.2d 796, 797 (4th Cir. 1975) (noting that testimony by bank teller was "sufficient to prove the bank's custody of the certificate"). Moreover, even if the district court erred in admitting the certificate, any error was harmless, since introduction of the FDIC certificate is not required where there is uncontroverted testimony that a bank is FDIC-insured. See United States v. Gallop, 838 F.2d 105, 111-12 (4th Cir. 1988); Safley, 408 F.2d at 605.

Crews also contends that the district court erred in instructing the jury to disregard argument by counsel during closing argument about whether other witnesses would be in a better position to testify as to whether the bank was FDIC-insured, and to disregard any statement or implication that the defendant bore the burden of proof on any issue. We review a district court's decision to give a jury instruction and its rulings regarding closing argument for abuse of discretion. United States v. Green, 599 F.3d 360, 377-79 (4th Cir. 2010). Having reviewed the record, we conclude the district court did not abuse its discretion.

Crews next contends that the district court erred in allowing the victim teller to testify that Crews made a motion as though he had a concealed weapon. Specifically, he argues the testimony was conjecture and violated Fed. R. Evid. 602, which requires that a witness have personal knowledge of the matter. After the teller explained the motion she observed, the district court allowed her to testify that she thought Crews might have possessed a concealed weapon. The district court correctly ruled that the teller's interpretation of Crews's motion was relevant to the question of intimidation. See United States v. Harris, 530 F.2d 576, 579 (4th Cir. 1976). We conclude there was no abuse of discretion.

Crews further contends that the district court erred in refusing to allow him to make a pro se closing argument in violation of his constitutional right to self-representation. We disagree. A defendant does not have an absolute right to dismiss counsel and conduct his own defense after the trial has commenced. United States v. Dunlap, 577 F.2d 867, 868 (4th Cir. 1979). After trial has begun with counsel, the decision whether to allow the defendant to proceed pro se rests in the sound discretion of the district court. United States v. Singleton, 107 F.3d 1091, 1096 (4th Cir. 1997) (citations omitted). The reasons for limiting the right of self-representation after trial has begun include "among other things, the need to

6

minimize disruptions, to avoid inconvenience and delay, to maintain continuity, and to avoid confusing the jury." Dunlap, 577 F.2d at 868. Crews made the request to proceed pro se just after the close of evidence. After considering the matter, the district court denied the request. The court concluded that permitting Crews to dismiss his counsel and proceed pro se during closing argument could confuse the jury, since Crews had previously testified. In denying Crews's request, the district court did not abuse its discretion.

Crews next contends that the district court erred in refusing to instruct the jury that in order to be found guilty of bank robbery, he must have intended to intimidate the bank tellers at the time of the robbery. However, Crews recognizes that the district court's decision comports with our decision in Woodrup and only raises the issue to preserve it for further appeal. We conclude there was no error or abuse of discretion.

Finally, Crews contends that the indictment should be dismissed because more than seventy non-excludable days elapsed between his initial appearance and the trial, in violation of the Speedy Trial Act. We conclude that Crews has waived this issue because he did not move for dismissal based on the Act prior to trial. See 18 U.S.C. § 3162(a)(2); United States v. Henry, 538 F.3d 300, 304 (4th Cir. 2008). In any event, the claim lacks merit. In Crews's proposed calculation, he fails to

7

exclude the periods due to delay from pretrial motions pursuant to 18 U.S.C. § 3161(h)(1)(D).  See United States v. Tinklenberg, 131 S. Ct. 2007, 2015 (2011).  Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED