**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

────────────

**No. 04-4886**

────────────

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

THOMAS J. SAVOCA, a/k/a Irvin L. Roddy,

                              Defendant - Appellant.

────────────

**No. 04-4890**

────────────

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

CARLOS J. SANTOS,

                              Defendant - Appellant.

────────────

Appeals from the United States District Court for the Southern
District of West Virginia, at Charleston.  David A. Faber, Chief
District Judge.  (CR-03-194)

────────────

Submitted:  October 31, 2005        Decided:  November 17, 2005

────────────

Before WILKINSON, GREGORY, and SHEDD, Circuit Judges.

────────────

No. 04-4886 affirmed; No. 04-4890 affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

———————————

Barron M. Helgoe, VICTOR, VICTOR, & HELGOE, L.L.P., Charleston, West Virginia; Jacqueline A. Hallinan, HALLINAN LAW OFFICES, P.L.L.C., Charleston, West Virginia, for Appellants. Charles T. Miller, Acting United States Attorney, Susan M. Arnold, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Thomas J. Savoca and Carlos J. Santos appeal their convictions and sentences for bank robbery in violation of 18 U.S.C. § 2113(a), (d) (2000) and use of a firearm during a bank robbery in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2000). Finding no reversible error with Savoca's conviction and sentence, we affirm. We affirm Santos' conviction, but we vacate his bank robbery sentence and remand for resentencing in light of <u>United States v. Booker</u>, 125 S. Ct. 738 (2005).

Savoca and Santos first claim that the district court erred in denying their motion for a judgment of acquittal. We review the district court's decision to deny a motion for judgment of acquittal de novo. <u>United States v. Gallimore</u>, 247 F.3d 134, 136 (4th Cir. 2001). If the motion was based on insufficiency of the evidence, the verdict must be sustained if there is substantial evidence, taking the view most favorable to the government, to support it. <u>Glasser v. United States</u>, 315 U.S. 60, 80 (1942).

Savoca and Santos assert that the Government failed to prove that Trader's Bank was federally insured by the Federal Deposit Insurance Corporation (FDIC), an essential element of bank robbery that the government must prove beyond a reasonable doubt. <u>See</u> 18 U.S.C. § 2113 (2000). At trial, the Government called Douglas Robinson, the manager of the bank, to testify. Robinson testified that deposits of Traders Bank are insured by the FDIC.

- 3 -

This court has held that testimony from a bank employee that the deposits are insured by the FDIC is sufficient evidence from which the jury may conclude the bank was insured at the time of the robbery. See United States v. Gallop, 838 F.2d 105 (4th Cir. 1988). Furthermore, testimony from a bank employee that the deposits "are" FDIC insured is sufficient evidence from which the jury could reasonably infer that the bank was insured at the time of the robbery. United States v. Safley, 408 F.2d 603, 605 (4th Cir. 1969). Due to the absence of contradictory evidence and taking all inferences in favor of the Government, the Government presented sufficient evidence that Traders Bank was FDIC insured on the date of the robbery. The district court did not err when it denied Savoca and Santos' motion for a judgment of acquittal.

Savoca next claims that the district court used judicially found facts to enhance his sentence from a base offense level of twenty to a level of twenty-nine. Because Savoca preserved this claim by objecting to his career offender classification based upon Blakely v. Washington, 124 S. Ct. 2531 (2004), this court's review is de novo. See United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003). Regardless of whether the district court impermissibly used judicially found facts for those initial enhancements, those enhancements became irrelevant once the district court found that Savoca qualified as a career offender under U.S. Sentencing Guidelines Manual § 4B1.1 (2004).

- 4 -

Because Savoca qualified as a career offender, the district court had to increase Savoca's offense level to thirty-four for that reason alone, and the earlier enhancements were subsumed.

Savoca also claims the district court erred when it found he was a career offender and enhanced his sentence based on prior convictions that were not charged in his indictment nor found by the jury. However, in Almendarez-Torres v. United States, 523 U.S. 224 (1998), the Supreme Court held that the government need not allege in its indictment and need not prove beyond reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence. See United States v. Cheek, 415 F.3d 349 (4th Cir. 2005) (Almendarez-Torres was not overruled by Booker).

Savoca finally claims that the district court's treatment of the sentencing guidelines as mandatory requires resentencing. Assuming without deciding that Savoca preserved this claim, we review the error under the harmless error analysis. See Booker, 125 S. Ct. at 769. The government bears the burden in harmless error review of showing beyond a reasonable doubt that the error did not affect the defendant's substantial rights. Mackins, 315 F.3d at 405. Affecting substantial rights means that the error affected the outcome of the proceedings. United States v. Stokes, 261 F.3d 496, 499 (4th Cir. 2001). An error in sentencing may be disregarded if the reviewing court is certain that any such error

"did not affect the district court's selection of the sentence imposed." <u>Williams v. United States</u>, 503 U.S. 193, 203 (1992).

In this case, the district court demonstrated that it exercised its discretion in choosing Savoca's sentence. The district court weighed the guideline range against the sentencing factors and gave Savoca, in the district court's view, the maximum possible sentence he could have received while still allowing for the possibility of a few years out of prison at the end of his life. The court characterized Savoca as "one of the worst people" to have ever appeared before the court, stated that his age was the only mitigating factor relevant to his sentencing, and commented that "it's only the mercy of this court that has kept me from giving you a life sentence here." We accordingly conclude that the district court's error in sentencing Savoca under the mandatory guidelines constituted harmless error that did not affect Savoca's substantial rights. Accordingly, we affirm Savoca's sentence.

Santos also claims that the district court improperly enhanced his sentence with judicially found facts under <u>Booker</u>. Santos first claims that the district court improperly enhanced his sentence under USSG § 2B3.1(b)(1) because the offense involved a financial institution and under USSG § 2B3.1(b)(7)(D) because the loss was greater than $250,000. However, the facts necessary for these enhancements were charged in the indictment and found by the jury. Count One of the indictment charged Santos with stealing

$308,000 from the bank and stated that Trader's Bank was insured by the FDIC. The jury's guilty verdict was thus a finding that the loss was greater than $250,000, in satisfaction of USSG § 2B3.1(b)(7)(D). By definition, the jury's finding that Traders bank was FDIC insured qualified it as a "financial institution" for USSG § 2B3.1(b)(1). See 18 U.S.C. § 20(1) (2000). The district court did not engage in any impermissible judicial fact finding under Booker when it increased Santos' offense level from twenty to twenty-five.

Santos also claims the district court improperly enhanced his sentence under USSG § 3C1.2 because of a high speed chase following the bank robbery. The Government concedes that this enhancement was improper judicial fact finding and that Santos should be resentenced. Without the two level enhancement, Santos' sentencing guideline range on his bank robbery conviction would only have been 70-87 months' imprisonment. Santos' 108 month sentence for the bank robbery count thus exceeds the sentence that could have been imposed based only on the facts found by the jury. In light of Booker, we vacate Santos' bank robbery sentence and remand the case for resentencing.* Although the sentencing guidelines are no longer mandatory, Booker makes clear that a

---

*Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Santos' sentencing.

sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005) (applying Booker on plain error review). The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. Id. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000). Id. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 546-47.

Accordingly, we affirm Savoca's conviction and sentence. We affirm Santos' conviction. In light of Booker, we vacate Santos' bank robbery sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 04-4886 AFFIRMED
No. 04-4890 AFFIRMED IN PART,
VACATED IN PART, AND REMANDED

- 8 -