**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4035**

———————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

CARLOS J. SANTOS,

                                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. David A. Faber, District Judge. (2:03-cr-00194-2)

———————

Submitted: August 27, 2007          Decided: September 4, 2007

———————

Before WILKINSON, GREGORY, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Jacqueline A. Hallinan, HALLINAN LAW OFFICES, PLLC, Charleston, West Virginia, for Appellant. Susan Marie Arnold, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlos J. Santos appeals the eighty-seven month sentence imposed on resentencing for aggravated bank robbery, 18 U.S.C. § 2113(a), (d) (2000). See United States v. Savoca, Nos. 04-4886, 04-4890, 2005 WL 3076933 (4th Cir. Nov. 17, 2005) (unpublished), cert. denied, 546 U.S. 1203 (2006). On appeal, Santos' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues on appeal, but asking this court to review the district court's calculation of the Guidelines range, the court's refusal to depart downward from the Guidelines range, and the reasonableness of the sentence. Santos was notified of the opportunity to file a pro se supplemental brief, but has failed to do so. Because our review of the record discloses no reversible error, we affirm.

After United States v. Booker, 543 U.S. 220 (2005), a district court is no longer bound by the range prescribed by the Sentencing Guidelines. United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). A court must initially calculate the appropriate Guidelines range, making any appropriate factual findings. United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006). The court then considers the resulting advisory Guidelines range in conjunction with the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007), and determines an appropriate sentence. Davenport, 445 F.3d at 370. If a district court imposes

a sentence outside the Guidelines range, the court must state its reasons for doing so. <u>Hughes</u>, 401 F.3d at 546. This court will affirm a post-<u>Booker</u> sentence if it is within the statutorily prescribed range and is reasonable. <u>Hughes</u>, 401 F.3d at 546-47. A sentence within the proper advisory Guidelines range is presumptively reasonable. <u>United States v. Green</u>, 436 F.3d 449, 457 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2309 (2006); <u>see</u> <u>Rita v. United States</u>, 127 S. Ct. 2456 (2007).

At the re-sentencing hearing, the district court imposed an obstruction of justice enhancement pursuant to <u>U.S. Sentencing Guidelines Manual</u> ("USSG") § 3C1.2 (2003).[*] According to the presentence report, Santos and his co-defendant were engaged in a high-speed chase following the robbery, during which they struck fourteen vehicles in an attempt to cause an accident and block off the police pursuit. Santos did not object to these facts as detailed in the presentence report, nor has he contended that there was an insufficient factual basis to support the enhancement. Further, the court relied on evidence elicited at Santos' trial regarding the high-speed car chase. Accordingly, we find that the district court did not err in determining that the two-level enhancement was supported by a preponderance of the evidence.

---

[*]Pursuant to USSG § 3C1.2, a two-level enhancement is imposed if "the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer."

As to whether the district court erred in refusing to depart below the Sentencing Guidelines range, the court did not mistakenly believe it lacked jurisdiction to depart; therefore, its decision not to depart is not subject to appellate review. See United States v. Quinn, 359 F.3d 666, 682 (4th Cir. 2004) (citing United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990)); see also United States v. Cooper, 437 F.3d 324, 333 (3d Cir. 2006) (collecting cases adopting this rule following United States v. Booker, 543 U.S. 220 (2005)). Moreover, in imposing Santos' sentence, the district court appropriately treated the Guidelines as advisory, considered the relevant factors under 18 U.S.C.A. § 3553(a), and sentenced Santos at the low end of the properly calculated Guidelines range. We discern no reason to conclude that the district court's decision to impose a sentence within the Guidelines range was unreasonable.

In accordance with Anders, we have reviewed the record and have found no meritorious issues for appeal. We therefore affirm Santos' sentence. This court requires counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral

argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED